**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST**, <br><br> **Plaintiff**, <br><br> v. <br><br> **ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, ET AL.,** <br><br> **Defendants**. | **Case No. 3:23-cv-01592-S** <br><br> **ORAL ARGUMENT REQUESTED** |

**BRIEF IN SUPPORT OF THE JOINT MOTION TO
DISMISS OR STAY OF DEFENDANTS
XL BERMUDA LTD AND XL INSURANCE COMPANY SE**

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS.................................................................................................. 3

      A.    The Parties ............................................................................................. 3

      B.    The Arbitration Agreements ................................................................... 4

      C.    The Trustee's Coverage Claims In This Action ...................................... 5

ARGUMENT ....................................................................................................................... 5

      I.    THE TRUSTEE'S COVERAGE CLAIMS COME WITHIN THE
ARBITRATION AGREEMENT ....................................................................... 6

      II.    THE MANDATORY ARBITRATION AGREEMENT MUST BE
ENFORCED PURSUANT TO THE CONVENTION AND FAA ............................... 7

      A.    An International Arbitration Agreement Must Be Enforced Pursuant To
The Convention and The FAA ............................................................... 7

      III.    WITHOUT EXCEPTION, FEDERAL COURTS HAVE ENFORCED
INTERNATIONAL ARBITRATION AGREEMENTS BY DISMISSING
OR STAYING A COVERAGE ACTION ............................................................. 8

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Acosta v Master Maintenance and Const. Inc., 452 F.3d 373, 376 (5th Cir. 2006) ...................... 8

Antillean Marine Shipping Corp. v. Through Transp. Mut. Ins., Ltd., No. 02-22196-CIV, 2002
    WL 32075793 (S.D. Fla. Oct. 31, 2002)................................................................ 10

Associated Brick Mason Contractors of Greater New York, Inc. v. Harrington, 820 F.2d 31, 35
    (2d Cir. 1987)................................................................................................ 6

Authenment v. Ingram Barge Co., 878 F. Supp.2d 672, 683 (E.D. La. July 13, 2012)................ 10

Bird Peak Corp. v Lawyers Tit. Ins. Corp., 107 Fed Appx 240, 244 (2d Cir. 2004)...................... 7

Carijano v. Occidental Petroleum Corp., 643 F.3d 1216 (9th Cir. 2011)................................. 3, 10

Carvant Fin. LLC v Autoguard Advantage Corp., 958 F. Supp. 2d 390 (E.D.N.Y. 2013) ............ 7

Catalina Holdings (Bermuda) Ltd. v. Hammer, 378 F. Supp.3d 687 (N.D. Ill. Mar. 22, 2019)... 10

Certain Underwriters at Lloyd's London v Argonaut Ins. Co., 500 F.3d 571, 577 (7th Cir. 2007) 8

Certain Underwriters at Lloyd's, London v. Simon, No. 1:07-CV-0899-LJM-WTL, 2007 WL
    3047128 (S.D. Ind. Oct. 18, 2007)...................................................................... 10

Chongqing Loncin Engine Parts Co., Ltd. v New Monarch Mach. Tool, Inc., 552 F. Supp.3d 341,
    348 (N.D.N.Y. 2021) ...................................................................................... 8

Cia. de Inversiones Mercantiles S.A. v Grupo Cementos de Chihuahua S.A.B. de C.V., 58 F.4th
    429, 445 (10th Cir. 2023)................................................................................. 8

Cie. Noga D'Importation et D'Exportation, S.A. v Russian Fedn., 361 F.3d 676, 691 (2d Cir.
    2004) ......................................................................................................... 8

CLMS Mgmt. Servs. Ltd. P'ship v. Amwins Brokerage of Georgia, LLC, 8 F.4th 1007 (9th Cir.
    2021), *cert. denied*, 142 S. Ct. 862 (2022)................................................................ 9

Collins & Aikman Prods. Co. v. Building Sys., 58 F.3d 16, 20 (2d Cir. 1995) ........................... 6

Cont. Ins. Co. v Allianz Ins. Co., 52 Fed. Appx. 557 (2d Cir. 2002) ................................... 6

ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376 (4th Cir. 2012); Suter v. Munich Reinsurance Co., 223 F.3d 150 (3d Cir. 2000) ........................................................................................... 9

Foresight Energy, LLC v Ace Am. Ins. Co., 4:22-CV-00887-JAR, 2023 WL 2585931 (E.D. Mo Mar. 21, 2023) ........................................................................................................................ 9

Freudensprung v Offshore Tech. Services, Inc., 379 F.3d 327, 338 n. 15 (5th Cir. 2004) ............. 9

Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London, No. CV 20-102-JWD-SDJ, 2021 WL 359735 (M.D. La. Feb. 2, 2021) ....................................................... 9

Green Enterprises, LLC v. Dual Corp. Risks Ltd., No. 20-1243 (JAG), 2021 WL 2451192 (D.P.R. June 15, 2021) ............................................................................................................ 9

Green Enters., LLC v. Hiscox Syndicates Ltd., 68 F.4th 662 (1st Cir. 2023) ................................. 9

In re Residential Cap., LLC, 563 B.R. 756 (Bankr. S.D.N.Y. 2016) ...................................... 3, 11

InterGen N.V. v Grina, 344 F.3d 134, 141 (1st Cir. 2003) ............................................................. 1

J.B. Hunt Transp., Inc. v. Steadfast Ins. Co., 470 F. Supp.3d 936 (W.D. Ark. July 1, 2020), reconsideration denied, No. 5:20-CV-5049, 2020 WL 6219797 (W.D. Ark. Oct. 22, 2020).. 10

Luna Music, LLC v. Exec. Ins. Servs., Inc., No. CV 2020-0002, 2022 WL 1801091 (D.V.I. June 1, 2022) ................................................................................................................................... 9

Martin v. Certain Underwriters of Lloyd's, London, No. SACV 10-1298AG(AJWX), 2011 WL 13227729 (C.D. Cal. Sept. 2, 2011) ...................................................................................... 10

Matter of Sedco, Inc. v Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex), 767 F.2d 1140, 1146 (5th Cir. 1985) ................................................................................................................. 2

McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch, 923 F.3d 427, 431, as revised (5th Cir. 2019) ............................................................................................................................. 2, 9

Mitsubishi Motors Corp. v Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 629 (1985) .................. 1

Mitsui & Co., Ltd. v Delta Brands, Inc., CIV.A.3:04CV1070-L, 2005 WL 1214603 (N.D. Tex. 2005) ......................................................................................................................................... 2

Murphy Oil USA, Inc. v. SR Int'l Bus. Lns. Co., No. 07-CV-1071, 2007 WL 2752366 (W.D. Ark. Sept. 20, 2007) ............................................................................................................... 10

Ramasamy v. Essar Glob. Ltd., 825 F. Supp.2d 466, 467 n.1 (S.D.N.Y. 2011) ....................... 3, 11

Rittman v. Amazon.com, Inc., 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021) ............................................................................................................................. 9

Safety Nat. Cas. Corp. v. Certain Underwriters At Lloyd's, London, 587 F.3d 714 (5th Cir. 2009) ............................................................................................................................. 9

Scherk v Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974)........................................... 1

Shaw Group Inc. v Triplefine Intern. Corp., 322 F.3d 115, 120 (2d Cir. 2003)............................. 7

Shenzhen Zongheng Domain Network Co. v Amazon.com Services LLC, 2023 WL 4993662 (S.D.N.Y. 2023)................................................................................................ 8

Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422 (2007) . 2, 10

Washington Sch. Risk Mgmt. Pool v. Am. Re-Ins. Co., No. C21-0874-LK, 2022 WL 2718479 (W.D. Wash. Apr. 21, 2022)................................................................... 9

Woodmen of the World Life Ins. Society v. White, 35 F. Supp.2d 1349 (M.D. Ala. Feb. 8,1999) ............................................................................................................................. 10

XL Specialty Ins., Co. v Osprey Underwriting Agency, Ltd., 4:10-CV-4570, 2011 WL 13341026 (S.D. Tex. 2011) ...................................................................................... 10

Zagis USA LLC v. Certain Underwriters at Lloyds London et al, 2:22CV02189 (W.D. La. July 20, 2022) ................................................................................................................. 9

**Statutes**

9 U.S.C. § 1............................................................................................................................ 1

9 U.S.C. § 201....................................................................................................................... 1

Defendants XL Insurance Company SE – Irish branch ("XLICSE") and XL Bermuda Ltd ("XLB") respectfully submit this brief in support of their joint motion to dismiss the instant action brought by Plaintiff, The Honorable Barbara J. Houser (Ret.), In Her Capacity as Trustee of the BSA Settlement Trust (the "Trustee" or "Plaintiff") based upon the international arbitration agreements contained in their respective insurance policies or, in the alternative, to stay this action, pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, § 201 *et seq.*, and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, art. II, June 10, 1958.

## INTRODUCTION

For several separate and independent reasons, the Court should grant this motion to dismiss or stay the instant coverage action brought against XLICSE and XLB.

First, the XLICSE and XLB policies each contain a broad *international arbitration agreement* between them and the Boy Scouts of America ("BSA") which requires arbitration of coverage claims, disputes, and issues arising out of their respective policies. Pursuant to the FAA and the Convention, international arbitration agreements must be enforced by federal courts – there is no discretion. Federal courts are obligated to enforce treaties entered into by the United States, such as the Convention which requires enforcement of international arbitration agreements. *See* Scherk v Alberto-Culver Co., 417 U.S. 506, 520 n.15 (1974); Mitsubishi Motors Corp. v Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 629 (1985) ("concerns of international comity […] require that we enforce the (arbitration) agreement"); InterGen N.V. v Grina, 344 F.3d 134, 141 (1st Cir. 2003) ("enforcing arbitration clauses under the New York Convention is an obligation, not a matter committed to district court discretion").

---

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

Moreover, the Court of Appeals for the Fifth Circuit has several times held that international arbitration agreements, like the instant ones, require the dismissal or stay of a coverage action. *See* Matter of Sedco, Inc. v Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex), 767 F.2d 1140, 1146 (5th Cir. 1985) ("the district court shall on application of one of the parties stay the trial of the action until such arbitration has been had"); McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch, 923 F.3d 427, 431, *as revised* (5th Cir. 2019) ("a district court must dismiss a case in favor of arbitration"). Besides the Fifth Circuit, at least four other federal courts of appeal have enforced international arbitration agreements. *See* pp. 7-8, *infra*. Even this Court has held that an international arbitration agreement requires the dismissal or stay of a coverage action. *See* Mitsui & Co., Ltd. v Delta Brands, Inc., CIV.A.3:04CV1070-L, 2005 WL 1214603 (N.D. Tex. 2005) (granting motion to dismiss because the international arbitration agreement was enforceable under the Convention).

The requirements to enforce an international arbitration agreement pursuant to a treaty like the Convention is so mandatory that federal appellate and district courts will enforce an international arbitration agreement even if there is a state anti-arbitration statute. *See* pp. 7-8, *infra*. No federal district or appellate court has declined to enforce an international arbitration agreement, even in the face of a state anti-arbitration statute. *See* pp. 8-10, *infra*.

Finally, the issue of a mandatory international arbitration agreement is so fundamental that federal courts will decide that issue before addressing any challenge to the court's jurisdiction. *See*, *e.g*., Mitsubishi, 473 U.S. 614, 626 ("the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate"); Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422 (2007) ("a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits'"); Carijano v.

---

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

Occidental Petroleum Corp., 643 F.3d 1216 (9th Cir. 2011) ("The Sinochem Court . . . promoted judicial economy by allowing the district court to dismiss the case without first having to address complicated jurisdictional issues"); Ramasamy v. Essar Glob. Ltd., 825 F. Supp.2d 466, 467 n.1 (S.D.N.Y. 2011) (within the court's discretion to first address the defendant's motion to stay or dismiss in favor of arbitration, which made it unnecessary to reach the defendant's motion to dismiss for lack of personal jurisdiction or for failure to state a claim); In re Residential Cap., LLC, 563 B.R. 756 (Bankr. S.D.N.Y. 2016) ("the Court concludes that it is appropriate to address the Arbitration Motions as the threshold matter because resolution of those motions will moot in large part the remaining motions").

## STATEMENT OF FACTS

### A. The Parties

The Plaintiff, sole trustee for the BSA Settlement Trust, alleges that she is invested with "the right to pursue claims against and seek coverage from the defendants arising out or related to the insurance policies (issued to BSA)" pursuant to the Third Modified Fifth Amended Chapter 11 Plan of Reorganization issued in the United States Bankruptcy Court for the District of Delaware, which transferred "any claims, causes of action, or rights of BSA against the defendants arising from or related to the insurance policies". Complaint at ¶¶ 110-111.

XLICSE is an Irish corporation with its principal place of business in the Republic of Ireland. McCormack Decl. ¶ 4. It has filed a separate motion to dismiss on the ground the Court has no general or specific jurisdiction over it.

XLB is a Bermudian corporation with its principal place of business in Bermuda. Wilkerson Decl. ¶ 4. It has filed a separate motion to dismiss on the ground the Court has no general or specific jurisdiction over it.

---

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

B. **The Arbitration Agreements**

Each and every XLISCE policy at issue contains the following mandatory arbitration provision:

> "Notwithstanding anything to the contrary in the Followed Policy, any dispute, controversy, or claim arising out of or relating to [the XLICSE Policies] or to the breach, cancellation, termination, or validity of [the XLICSE Policies] shall be finally and fully determined in London, England under the provisions of the Arbitration Act of 1996 ("Act") and/or any statutory modifications or amendments thereto for the time being in force, by a Board composed of three arbitrations to be selected for each controversy.
>
> […]
>
> The parties agree that, in the event that claims for indemnity or contribution are asserted in any action or proceeding against the Company by any of the Insured's other insurers in any jurisdiction or forum other than that set forth in this arbitration provision, the Insured will in good faith take all reasonable steps requested by the Company to assist the Company in obtaining a dismissal of these claims (other than on the merits) and will undertake to the court or other tribunal to reduce any judgment or award against such other insurers to the extent that the court or tribunal determines that the Company would have been liable to such insurers for indemnity or contribution pursuant to [the XLICSE Policies]."

The above arbitration provision is annexed as an Appendices A, B, C and D to Declaration of Fiona McCormack in Support of Defendant XL Insurance Company SE's Motion to Dismiss or Stay and/or to Dismiss for Lack of Personal Jurisdiction ("McCormack Dec.").

The XLB Policy contains the following mandatory arbitration provision:

> "(1) Any dispute, controversy, or claim arising out of or relating to [the XLB Policy] or the breach, termination, or invalidity thereof shall be finally and fully determined in London, England, under the provisions of the Arbitration Acts of 1950, 1975, and 1979, and/or any statutory modifications or amendments thereto, for the time being in force, by a Board composed of three arbitrators to be selected for each controversy. […]

---

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

(5) The Company and the Insured agree that in the event that claims for indemnity or contribution are asserted in any action or proceeding against the Company by any of the insured's other insurers in any jurisdiction or forum other than that set forth in this Condition N, the Insured will in good faith take all reasonable steps requested by the Company to assist the Company in obtaining a dismissal of these claims (other than on the merits) […]."

The above arbitration provision is annexed as Appendix A to the Declaration of Kim Wilkerson in Support of Defendant XL Bermuda's Motion to Dismiss or Stay and/or to Dismiss for Lack of Personal Jurisdiction ("Wilkerson Dec.").

### C. **The Trustee's Coverage Claims In This Action**

In this action, the Trustee alleges that the defendants (including XLB and XLICSE) have breached or will breach their insurance policies by refusing to provide coverage under the insurance policies for claims of personal injuries arising from alleged sexual or other abuse in BSA's Scouting programs.  Complaint ¶ 3.  The Trustee alleges that the abuse claims triggered coverage under the terms and conditions of the insurance policies of the defendants (including XLB and XLICSE), because the damages and defense costs incurred for or in connection with the abuse claims are within the coverage grants of the insurance policies.  *Id*. ¶¶ 113-124.  The Trustee seeks a declaration of rights and obligations of the defendants under their insurance policies, including those issued by XLISCE and XLB.  *Id*. ¶ 139.

### **ARGUMENT**

To the extent relevant, the Final Confirmation Plan, as approved by the Bankruptcy Court and the District Court, provides:

- The rights and obligations of the parties under BSA's insurance policies "shall be determined under applicable law".  *Confirmation Plan*, Section VI.F.3, p. 99.

- Nothing in the Confirmation Plan "shall modify, amend, or supplement, or be interpreted as modifying, amending or supplementing, the terms of any Insurance Policy . . . " Any rights and  obligations with respect to BSA and its insurers "shall

---

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

be determined pursuant to the terms and provisions of the Insurance Policies and applicable law." *Confirmation Plan*, Section X.M.1, p. 133.

In resolving the instant motion, the terms of the XLB and XLICSE Policies are governed by and are subject to New York law, as required by the policies. This is the basis upon which this motion must be decided, and the Final Confirmation Plan is not to the contrary.

## I.   THE TRUSTEE'S COVERAGE CLAIMS COME WITHIN THE ARBITRATION AGREEMENT

The international arbitration agreements in the XLICSE and XLB Policies clearly require, *inter alia*, that "any dispute, controversy, or claim arising out of or relating to [the XLICSE and XLB Policies] or to the breach, cancellation, termination or validity of [the XLICSE and XLB Policies] be finally and fully determined in London, England, under the provisions of the Arbitration Acts." *See* Appendix A, Wilkerson Dec. and Appendices A-D of the McCormack Dec. Thus, there can be no dispute that BSA agreed to arbitrate coverage issues, claims and disputes.

Under New York law, arbitration agreements are liberally enforced and there is a presumption of arbitrability. *See* Associated Brick Mason Contractors of Greater New York, Inc. v. Harrington, 820 F.2d 31, 35 (2d Cir. 1987) ("where contract contains an arbitration clause, there is a presumption of arbitrability that is overcome only by a definitive showing that the dispute in question is outside the arbitration clause"). In Collins & Aikman Prods. Co. v. Building Sys., 58 F.3d 16, 20 (2d Cir. 1995); the Second Circuit found that arbitration was required because the arbitration clause provided that "any claim or controversy arising out of or relating to the agreement shall be settled by arbitration […]", which it considered to be "the paradigm of a broad clause […]". Moreover, in Cont. Ins. Co. v Allianz Ins. Co., 52 Fed. Appx. 557 (2d Cir. 2002), the Second Circuit held that a similar clause was a "prototypical broad arbitration provision", giving rise to a strong presumption favoring arbitrability.  Id. at 559.  *See also* Shaw Group Inc. v

Triplefine Intern. Corp., 322 F.3d 115, 120 (2d Cir. 2003) (the federal policy in favor of arbitration requires that any doubts concerning the scope of arbitrable issue be resolved in favor of arbitration); Bird Peak Corp. v Lawyers Tit. Ins. Corp., 107 Fed Appx 240, 244 (2d Cir. 2004) (Second Circuit affirmed dismissal of the action in favor of arbitration because the insured's claims clearly fell within the scope of the arbitration clause because such claims were "firmly grounded in the insurance policies and/or performance of them"); *see also* Carvant Fin. LLC v Autoguard Advantage Corp., 958 F. Supp. 2d 390 (E.D.N.Y. 2013) (claims against insurer for breach of contract and failure to process claims fell squarely within broad language of arbitration).

Here, it cannot be disputed that the international arbitration agreements at issue have the same broad language referred to in the above-referenced case law and therefore necessarily encompass the Trustee's coverage claims because they involve, directly and indirectly, issues, claims, and demands "arising out of or relating to" the policies issued by XLICSE and XLB. The coverage dispute before this Court should therefore be arbitrated, not litigated.

## II.    THE MANDATORY ARBITRATION AGREEMENT MUST BE ENFORCED PURSUANT TO THE CONVENTION AND FAA

### A.  An International Arbitration Agreement Must Be Enforced Pursuant To The Convention and The FAA

Under the Convention, the arbitration agreements in the insurance contracts between BSA and XLICSE and XLB, respectively, are international arbitration agreements covered by the Convention, because they are agreements between a foreign person (XLICSE and XLB) and a U.S. person (BSA).  Chapter 2 of the FAA reiterates the strong presumption in favor of arbitration, and states that "the [Convention] shall be enforced in United States courts." unless the provision has "no reasonable relation with one or more foreign states." *See* 9 U.S.C. § 202.  In Shenzhen Zongheng Domain Network Co. v Amazon.com Services LLC, 2023 WL 4993662 (S.D.N.Y.

---

2023), the court held that if one party is a foreign citizen, the arbitration agreement is "not entirely domestic" and therefore falls under the Convention".

The goal of the Convention is to specifically encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which such agreements are observed and enforced in the signatory countries. *See* Chongqing Loncin Engine Parts Co., Ltd. v New Monarch Mach. Tool, Inc., 552 F. Supp.3d 341, 348 (N.D.N.Y. 2021), *citing* Scherk, 417 U.S. 506, 520 n.15. *See also* Cie. Noga D'Importation et D'Exportation, S.A. v Russian Fedn., 361 F.3d 676, 691 (2d Cir. 2004) (same); Acosta v Master Maintenance and Const. Inc., 452 F.3d 373, 376 (5th Cir. 2006) (same); Cia. de Inversiones Mercantiles S.A. v Grupo Cementos de Chihuahua S.A.B. de C.V., 58 F.4th 429, 445 (10th Cir. 2023) (same); Certain Underwriters at Lloyd's London v Argonaut Ins. Co., 500 F.3d 571, 577 (7th Cir. 2007) (same).

As recognized by the United States Supreme Court, the purpose of the Convention is clear – to "encourage the recognition of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed." Scherk 417 U.S. 506 at 520 n.15. The Fifth Circuit held likewise. *See* McDonnel, 923 F.3d 427 at 431. Therefore, given its language and purpose, the Convention "must be enforced according to its terms over all inconsistent rules of law." Matter of Sedco, Inc. v Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex), 767 F.2d 1140 (5th Cir. 1985).

### III.    WITHOUT EXCEPTION, FEDERAL COURTS HAVE ENFORCED INTERNATIONAL ARBITRATION AGREEMENTS BY DISMISSING OR STAYING A COVERAGE ACTION

The Court of Appeals for the Fifth Circuit has held several times that international arbitration agreements must enforced by dismissing or staying a coverage action, even in the face of an anti-arbitration statute. *See*, *e.g.*, Safety Nat. Cas. Corp. v. Certain Underwriters At Lloyd's,

---

Case 3:23-cv-01592-S   Document 170   Filed 10/02/23   Page 14 of 17   PageID 1049

London, 587 F.3d 714 (5th Cir. 2009); McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch, 923 F.3d 427, 431, *as revised* (5th Cir. 2019); Freudensprung v Offshore Tech. Services, Inc., 379 F.3d 327, 338 n. 15 (5th Cir. 2004) ("the FAA preempts state laws which, like the provision of the TGAA relied upon by Freudensprung, 'contradict the purpose of the FAA by requiring a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'").

As stated earlier, besides the Fifth Circuit, the First Circuit, Third Circuit, Fourth Circuit, and Ninth Circuit have also held that international arbitration agreements must be enforced by dismissing or staying the coverage action, even in the face of an anti-arbitration statute. *See*, *e.g.*, Green Enters., LLC v. Hiscox Syndicates Ltd., 68 F.4th 662 (1st Cir. 2023); CLMS Mgmt. Servs. Ltd. P'ship v. Amwins Brokerage of Georgia, LLC, 8 F.4th 1007 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 862 (2022); Rittman v. Amazon.com, Inc., 971 F.3d 904 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376 (4th Cir. 2012); Suter v. Munich Reinsurance Co., 223 F.3d 150 (3d Cir. 2000).

At least 14 different federal district courts have held that international arbitration agreements must be enforced and cannot be preempted by any state law to the contrary.  *See, e.g.*, Foresight Energy, LLC v Ace Am. Ins. Co., 4:22-CV-00887-JAR, 2023 WL 2585931 (E.D. Mo Mar. 21, 2023); Zagis USA LLC v. Certain Underwriters at Lloyds London et al, 2:22CV02189 (W.D. La. July 20, 2022); Washington Sch. Risk Mgmt. Pool v. Am. Re-Ins. Co., No. C21-0874-LK, 2022 WL 2718479 (W.D. Wash. Apr. 21, 2022); Luna Music, LLC v. Exec. Ins. Servs., Inc., No. CV 2020-0002, 2022 WL 1801091 (D.V.I. June 1, 2022); Green Enterprises, LLC v. Dual Corp. Risks Ltd., No. 20-1243 (JAG), 2021 WL 2451192 (D.P.R. June 15, 2021); Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London, No. CV 20-102-JWD-SDJ, 2021 WL 359735 (M.D. La. Feb. 2, 2021); J.B. Hunt Transp., Inc. v. Steadfast Ins. Co., 470 F.

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

9

Supp.3d 936 (W.D. Ark. July 1, 2020), *reconsideration denied*, No. 5:20-CV-5049, 2020 WL

6219797 (W.D. Ark. Oct. 22, 2020); Catalina Holdings (Bermuda) Ltd. v. Hammer, 378 F.

Supp.3d 687 (N.D. Ill. Mar. 22, 2019); Authenment v. Ingram Barge Co., 878 F. Supp.2d 672, 683

(E.D. La. July 13, 2012); Martin v. Certain Underwriters of Lloyd's, London, No. SACV 10-

1298AG(AJWX), 2011 WL 13227729 (C.D. Cal. Sept. 2, 2011); Certain Underwriters at Lloyd's,

London v. Simon, No. 1:07-CV-0899-LJM-WTL, 2007 WL 3047128 (S.D. Ind. Oct. 18, 2007);

Murphy Oil USA, Inc. v. SR Int'l Bus. Lns. Co., No. 07-CV-1071, 2007 WL 2752366 (W.D. Ark.

Sept. 20, 2007); Woodmen of the World Life Ins. Society v. White, 35 F. Supp.2d 1349 (M.D.

Ala. Feb. 8,1999); Antillean Marine Shipping Corp. v. Through Transp. Mut. Ins., Ltd., No. 02-

22196-CIV, 2002 WL 32075793 (S.D. Fla. Oct. 31, 2002); XL Specialty Ins., Co. v Osprey

Underwriting Agency, Ltd., 4:10-CV-4570, 2011 WL 13341026 (S.D. Tex. 2011).

## CONCLUSION

For the foregoing reasons, XLICSE and XLB respectfully request that the Court dismiss,

or alternatively stay, the coverage claims asserted by the Trustee against them, based on the

international arbitration agreements in their policies, as mandated by the treaty requiring

enforcement of international arbitration agreements, i.e., the Convention.

In addition, as pointed out in their motion to dismiss for lack of personal jurisdiction, this

Court should *first* decide the instant motion to dismiss or stay, which would moot the need to

decide the separate motion for lack of personal jurisdiction. *See, e.g.*, Sinochem International Co.

v. Malaysia International Shipping Corp., 549 U.S. 422 (2007) ("a federal court has leeway 'to

choose among threshold grounds for denying audience to a case on the merits'"); Carijano v.

Occidental Petroleum Corp., 643 F.3d 1216 (9th Cir. 2011) ("The Sinochem Court . . . promoted

judicial economy by allowing the district court to dismiss the case without first having to address

---

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

complicated jurisdictional issues"); <u>Ramasamy v. Essar Glob. Ltd.</u>, 825 F. Supp.2d 466, 467 n.1 (S.D.N.Y. 2011) (within the court's discretion to first address the defendant's motion to stay or dismiss in favor of arbitration, which made it unnecessary to reach the defendant's motion to dismiss for lack of personal jurisdiction or for failure to state a claim); <u>In re Residential Cap., LLC</u>, 563 B.R. 756 (Bankr. S.D.N.Y. 2016) ("the Court concludes that it is appropriate to address the Arbitration Motions as the threshold matter because resolution of those motions will moot in large part the remaining motions").

Dated:    October 2, 2023

Respectfully submitted,

By: */s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd. Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
mark.tillman@tb-llp.com

*Attorney for Defendants XL Insurance
Company SE and XL Bermuda Ltd*

Paul R. Koepff
Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Telephone: 212-710-3900

*Of Counsel*

---

**BRIEF IN SUPPORT OF DEFENDANTS XL BERMUDA LTD AND XL INSURANCE
COMPANY SE'S JOINT MOTION TO DISMISS OR STAY**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, on October 2, 2023 a true and correct copy of the above and foregoing instrument was served *via electronic service* upon all counsel of record.

/s/ Mark D. Tillman
MARK D. TILLMAN