IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST,<br><br>                    Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY, LTD, *et al.*,<br><br>                    Defendants. | Civ. Action No. 3:23-cv-01592-S |

**RESPONDING DEFENDANTS' SUPPLEMENTAL BRIEFING ON *HARRINGTON V. PURDUE PHARMA* REQUESTING CONTINUATION OF THE STAY**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ...................................................................................................................4

A.    The Third Circuit Appeals Challenging Plan Confirmation. ................................4

B.    The Court Stayed This Action Due to Uncertainty Over the Viability of the Plan
      Given the Pending *Purdue* Decision. ...................................................................6

C.    The Court Declined to Reconsider The Stay Order Based on Developments in the
      Illinois Action. ....................................................................................................7

D.    The Supreme Court's Decision In *Purdue* Casts Doubt On the Plan's Viability. ...............8

E.    The Third Circuit Will Resolve the Impact of *Purdue* on the Plan. ...................9

ARGUMENT .......................................................................................................................9

      I.    This Proceeding Should Remain Stayed Pending The Third Circuit's
            Ruling..........................................................................................................10

      II.   The Court Need Not Waste Judicial Resources Deciding The Responding
            Defendants' Motions To Dismiss Until The Third Circuit Rules In The
            Appeals. ......................................................................................................13

CONCLUSION....................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Automated Transactions, LLC v. Bath Sav. Inst.*,
    Case No. 2:12-CV-393-JAW, 2013 WL 1346470 (D. Me. Mar. 14, 2013) ...........................11

*Harrington v. Purdue Pharma L. P.*,
    No. 23-124, 2024 WL 3187799 (U.S. June 27, 2024) ......................................................2, 7, 8

*Mateo v. Att'y Gen. United States*,
    870 F.3d 228 (3d Cir. 2017)............................................................................................6

*Stollings v. Texas Tech Univ.*,
    No. 5:20-CV-250-H, 2021 WL 4171815 (N.D. Tex. Apr. 13, 2021) ....................................14

*U.S. Bank v. Royal Indem. Co.*,
    No. CIV.A.3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002) .....................11

**Statutes**

Bankruptcy Code Section 524(g)......................................................................................2

Bankruptcy Code Section 1123(b)....................................................................................7

The undersigned Defendants ("**Responding Defendants**") respectfully submit this supplemental brief to address the United States Supreme Court's decision in *Harrington v. Purdue Pharma*, No. 23-124 ("***Purdue***"), pursuant to this Court's December 13, 2023 Order staying these proceedings (ECF No. 339) ("**Stay Order**"), and its July 3, 2024 Order reopening the case (ECF No. 384).[1]  The Responding Defendants respectfully request that this Court maintain its stay of these proceedings until the United States Court of Appeals for the Third Circuit decides whether BSA's Plan of Reorganization will need to be replaced with a new or modified bankruptcy plan.

## PRELIMINARY STATEMENT

The Supreme Court's decision in *Purdue* creates significant uncertainty concerning the future of the BSA Plan of Reorganization, pursuant to which the Trustee claims the authority to bring this insurance coverage action.  BSA's Plan created the Trust and purported to empower the Trustee to assert rights under thousands of non-debtor Local Council Insurance Policies—rights that were assigned to the Trust in exchange for non-consensual non-debtor Releases.  According to the Bankruptcy Court and the District Court, these non-debtor Releases were the Plan's "cornerstone" because they made possible all of the financial contributions to the Trust, including the transfer of the Local Councils' insurance rights.  The Trustee's Complaint is thus predicated on these non-debtor Releases; indeed, the bulk of the claims asserted in the Trustee's Complaint seek insurance coverage under hundreds of non-debtor Local Council Insurance Policies.

In *Purdue*, the Supreme Court held that "the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to

---

[1] Unless otherwise specified, capitalized terms used herein have the same meaning provided to them in the Undersigned Defendants' Motion to Stay or "**MTS**" (ECF No. 229).  The appendix filed with the Motion to Stay is referred to as "**MTS App.**" (ECF Nos. 230–32).  The appendix filed with the Undersigned Defendants' Reply in Support of the Motion to Stay (ECF No. 309) is referred to as "**MTS Supp. App.**" (ECF Nos. 310–11).

discharge claims against a non-debtor without the consent of affected claimants." *Harrington v. Purdue Pharma L. P.*, No. 23-124, 2024 WL 3187799, at \*1, \*11 (U.S. June 27, 2024). At the same time, the Supreme Court left open several questions not presented by the *Purdue* appeal, including the effect of its ruling on bankruptcy plans "that have already become effective and been substantially consummated." *Id.* at \*11.

As *Purdue* was being considered by the Supreme Court, appeals of BSA's Plan were pending in the Third Circuit, which had stayed the appeals pending the Supreme Court's decision. Two appeals challenged the Plan based on its inclusion of Releases to non-debtors, including Local Councils. *See* MTS App. Ex. 4; MTS App. Ex. 5 (the "**Non-Debtor Release Appeals**"). Certain Insurers also appealed the Plan on the basis that it failed to expressly preserve the Certain Insurers' pre-petition rights under applicable insurance policies (the "**Certain Insurers Appeal**"). The Third Circuit has consolidated the Non-Debtor Release Appeals with other appeals of the BSA Plan's confirmation (together, the "**Appeals**"). *See* Appendix to Supplemental Brief (filed together with this Supplemental Briefing) (the "**Supp. App.**") Ex. 1.

The Supreme Court's *Purdue* opinion has left the continued viability of the non-debtor Releases, and the BSA Plan as a whole, squarely in the hands of the Third Circuit. On June 28, 2024, the Third Circuit has indicated that the Appeals will be returned to a merits panel when the Supreme Court's mandate issues at the end of this month. Supp. App. Ex. 6. On July 8, 2024, the Third Circuit directed the parties to the Appeals "to file supplemental briefs [on] the effect of the Supreme Court's decision in *Harrington v. Purdue Pharma LP*, No. 23-124 on the pending appeals" by August 7, 2024. Supp. App. Ex. 7 at 258. The Third Circuit thus is now preparing to determine whether the Supreme Court's decision in *Purdue* requires modification, including possible reversal, of BSA's Plan.

If the Third Circuit invalidates the Plan's non-debtor Releases, one of the central predicates of this lawsuit—the Trustee's standing to assert coverage rights under Local Council Insurance Policies—will likely fall. And if that happens, this lawsuit would need to be, at a minimum, amended, and significantly narrowed in scope. For example, there are 44 named Defendants alleged to have issued only non-debtor Local Council Insurance Policies that would need to be dismissed if the Trustee were not permitted to assert rights under those policies. Alternatively, the Third Circuit might invalidate the Plan in its entirety—including its creation of the Trust and the appointment of the Trustee—which would leave this lawsuit without a plaintiff.

Also hanging in the balance are billions of dollars in financial contributions from the Settling Insurers—made in exchange for Releases, including non-debtor Releases. Those settlement funds are currently being held in escrow, and the continued viability of those settlements is dependent on whether the Plan survives the Third Circuit appeal with the Releases intact. If the insurer settlements are undone, then another group of insurers could become interested parties in this litigation, to the extent it continues. This raises yet another level of uncertainty and counsels against moving forward until it is clear who the proper parties are in this action.

This Court previously issued its Stay Order precisely because of this uncertainty. As the Court observed at the December 13, 2023 status conference (the "**Conference**"): "I don't think there's any question that . . . the result of what the Supreme Court does in *In re Purdue Pharma* could very well affect everything in this case." ECF No. 348 ("**Tr.**") at 51:6–19. As it was ultimately decided, the *Purdue* opinion only magnifies the uncertainty that the non-debtor Releases, and the BSA Plan itself, will survive. "Everything in this case" is now *even more* likely to be affected.

The Trustee may argue here that all the Appeals of BSA's Plan are equitably moot because the Plan is "substantially consummated," and therefore this litigation may proceed. If so, the Trustee would be inviting the Court to rule now on matters that depend on resolution of the Third Circuit Appeals, or perhaps to assume their outcome. BSA in fact already advanced the mootness argument in the Third Circuit, MTS Supp. App. Ex. 22 at 1161–66, drawing a response from the Circuit that it was "unpersuaded at this preliminary stage that equitable or statutory mootness apply in the particular circumstances of this case," and deferring consideration of mootness issues to its consideration of the merits. Supp App. Ex. 4 at 251. Now, the merits of the Appeals, the effect of the *Purdue* decision on BSA's Plan, and the question of whether the Appeals are moot, are all issues squarely before the Third Circuit and within that court's jurisdiction to decide. It would be inefficient to proceed here on the dubious assumption that the Third Circuit will uphold the Plan without modification notwithstanding the decision in *Purdue*.

This case therefore should remain stayed until the Third Circuit resolves the pending Appeals.

## **BACKGROUND**

### A.    **The Third Circuit Appeals Challenging Plan Confirmation.**

After BSA's Plan was confirmed by the Bankruptcy Court and affirmed by the District Court, a number of Appeals were filed in the Third Circuit. *See* MTS at 7–8.[2] Two of the Appeals—the Non-Debtor Release Appeals—challenge whether the non-consensual non-debtor Releases in the BSA Plan are impermissible under the Bankruptcy Code. *See id.*; MTS App. Ex. 4 at 236–329; MTS App. Ex. 5 at 330–411. In its merits briefing, BSA cited the now-overturned

---

[2] On April, 12, 2023, the Third Circuit issued an order consolidating all of the Appeals challenging confirmation of BSA's Plan. Supp. App. Ex. 1.

Second Circuit decision in *Purdue* to argue that non-consensual, non-debtor releases were permissible. Supp. App. Ex. 3 at 120–25.

The Certain Insurers Appeal separately challenged whether the Plan failed to expressly preserve Certain Insurers' pre-petition rights under their insurance policies, as is required by fundamental principles of bankruptcy law that establish that the rights of contracting parties may not be curtailed or expanded by a bankruptcy plan. MTS at 8; MTS App. Ex. 8 at 509–34. In its merits briefing, BSA contended that the bankruptcy plan fully preserves rights and obligations under the Certain Insurers' operative insurance policies. The Certain Insurers have reserved all rights arising from the resolution of the *Purdue* appeal. *See* Supp. App. Ex. 2 at 022 n.4.

On October 27, 2023, BSA and other Appellees filed a motion to dismiss all of the Appeals, asserting that they should be dismissed as equitably and statutorily moot. MTS Supp. App. Ex. 22. In particular, Appellees alleged that the Plan has been substantially consummated and that Appellants' desired relief would unscramble the Plan and harm parties that reasonably relied on the Plan's finality. *See id.* at 1161, 1167.

On December 14, 2023, following briefing on the Appellee's motion to dismiss, a Third Circuit motions panel declined to grant the Appellees' motion. Supp. App. Ex. 4. The Order referred the motion to dismiss to a merits panel and stated that "Appellees' arguments leave us unpersuaded at this preliminary stage that equitable or statutory mootness apply in the particular circumstances of this case." *Id.* at 251.

On February 26, 2024, the Third Circuit entered an Order directing the parties to submit supplemental briefing addressing whether the Court should hold the case C.A.V.[3] until the

---

[3] C.A.V., an acronym for *curia advisari vult*, is a term that the Third Circuit uses when "hold[ing] an appeal in abeyance pending the outcome of another proceeding." *Mateo v. Att'y Gen. United States*, 870 F.3d 228, 231 n.4 (3d Cir. 2017).

Supreme Court issues its decision in *Purdue*. Supp. App. Ex. 8 at 306. After the parties filed supplemental briefs, on March 19, 2024, the Third Circuit held the case C.A.V., removed the April 9 oral argument date from its calendar, and stated that the parties "will be advised at a later date as to when this case will be re-listed." Supp. App. Ex. 5 at 254.

## B. The Court Stayed This Action Due to Uncertainty Over the Viability of the Plan Given the Pending *Purdue* Decision.

On October 6, 2023, certain Undersigned Defendants filed a Motion to Stay (ECF No. 229) (the "**Motion to Stay**" or "**MTS**"). The Motion to Stay explained that the Supreme Court in *Purdue* would address the validity of non-consensual, non-debtor releases in bankruptcy—the "cornerstone" of the Plan here. MTS at 1, 12, 17. The Motion also emphasized that *Purdue* could transform this case, or the Plan under which it proceeds, because (i) the Plan includes non-consensual Releases for non-debtors, including Local Councils and (ii) the vast majority of the alleged policies under which the Trustee seeks coverage here were issued to non-debtor Local Councils, not BSA (the debtor) itself. *See id.* at 1–3, 9 (noting that around 2,000 policies listed by the Trustee were allegedly issued to non-debtor local councils, whereas only 332 policies were allegedly issued to BSA, the debtor). The Motion also pointed out that the settlements of the Settling Insurers—who contributed the bulk ($1.6 billion) of the Trust's assets—depended on final confirmation of the Plan and approval of the Releases and Channeling Injunction on appeal. *Id.* at 5–6, 13.

At the Conference on December 13, 2023, this Court instructed the parties that "it's the Court's policy to [issue a stay] – if it's convinced, that a Supreme Court ruling or a Fifth Circuit ruling or another ruling that's being considered by a court in a like case will either have a direct effect or an indirect effect on the litigation." Tr. at 51:6–19. This Court agreed with the rationale "articulated today by defense counsel and as set forth, in part, in the papers filed by the

Defendants" and determined to issue a stay in consideration of "economy of time and effort," and the reality that the fate of the Plan's non-debtor Releases could "affect everything in this case." Tr. 58:13–23.  This Court issued its Stay Order the same day.

On January 31, 2024, the Trustee filed a motion to reconsider the Stay Order.  ECF No. 365.  Oppositions to the motion for reconsideration were filed by the National Surety and Allianz Defendants, as well additional Responding Defendants.  ECF Nos. 369, 370.  On February 16, 2024, the Court issued an order denying the Trustee's motion to reconsider the stay.  ECF No 373.

**C.    The Court Declined to Reconsider The Stay Order Based on Developments in the Illinois Action.**

On January 31, 2024, the Trustee filed a motion to reconsider the Stay Order, arguing that the Stay Order should be reconsidered in light of a separate insurance action in Cook County, Illinois (the "**Illinois Action**").  ECF No. 365.  The Illinois Action was filed in 2017 before BSA's bankruptcy by National Surety Corporation ("**National Surety**"), a Defendant here, against BSA and the Chicago Area Local Council, as well as several other insurers of BSA, some of which are also Responding Defendants here.  *See* ECF No. 370 at 2, 7–8.  The Illinois Action concerns alleged insurance coverage for abuse claims associated with a single serial abuser, which were settled and paid before BSA entered bankruptcy.  *Id.*  The Illinois Action, as currently constituted, thus concerns only a very small subset of the insurance claims the Trustee has attempted to put at issue in this action—and the only abuse claims that have been determined and paid.  *Id.*  And when the Trustee entered the case, it immediately moved to dismiss it in favor of this action, a motion that remains pending today.  *Id.* at 4.

In requesting reconsideration of the Stay Order, the Trustee expressed concern that the Illinois Action would move ahead of this action while the Stay Order was in effect.  ECF No. 365 at 1, 10.  In particular, the Trustee was concerned with a motions by National Surety and its sister

company, Allianz, for leave to amend their pleadings to expand the case beyond the claims relating to the single abuser. *Id.* at 1, 8–9. An opposition to reconsideration joined by most of the Responding Defendants pointed out the Illinois Action had been in place when the Court issued the Stay Order, and that there was no chance of it moving forward in any meaningful way until after the Illinois Court ruled on the Trustee's motion to dismiss, as well as the National Surety's and Allianz's motions to amend the complaint. ECF No. 370 at 2–4.

On February 16, 2024, the Court issued an order denying the Trustee's motion to reconsider the Stay Order. ECF No 373. On May 8, 2024, the Illinois Court issued an order staying the Illinois Action pending a ruling in *Purdue*. Supp App. Ex. 9.

The Responding Defendants understand that, at a conference held earlier today, the Illinois Court lifted its stay, and scheduled the Trustee's motion to dismiss the complaint and National Surety's and Allianz's motions for leave to amend their pleadings for decision on August 30, 2024.

**D.    The Supreme Court's Decision In *Purdue* Casts Doubt On the Plan's Viability.**

On June 27, 2024, the Supreme Court held that "the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a non-debtor without the consent of affected claimants." *Purdue*, 2024 WL 3187799, at *1, *11. The Court reasoned that Section 1123(b) of the Bankruptcy Code does not permit non-consensual non-debtor releases benefitting entities, like the Non-Debtor Local Councils at issue in this case, that "have not filed for bankruptcy and have not placed virtually all their assets on the table for distribution to creditors." *Id.* at *5. The Court elaborated that "a bankruptcy court's powers are not limitless and do not endow it with the power to extinguish without their consent claims held by non-debtors . . . against other non-debtors." *Id.* at *8.

The Court ended its opinion by acknowledging that its ruling could result in already-confirmed bankruptcy plans being significantly implicated, if not unwound entirely, if they involve

non-consensual non-debtor releases, as the BSA plan at issue does here.  The Court noted that it would be up to the lower courts to decide one way or the other "whether our reading of the bankruptcy code would justify unwinding reorganization plans that have already become effective[.]"  *Id.* at *11.  That same day, the Trustee issued a public statement acknowledging the *Purdue* decision and recognizing that the "impact of [*Purdue*], if any, on the Boy Scouts' plan of reorganization will be decided by the Third Circuit Court of Appeals in the pending appeal from confirmation of that plan in due course."  Scouting Settlement Trust, Updates from the Trust, https://www.scoutingsettlementtrust.com/s/ (last accessed July 11, 2024).

E.     **The Third Circuit Will Resolve the Impact of *Purdue* on the Plan.**

One day after the Supreme Court issued its *Purdue* decision, on June 28, 2024, the Third Circuit issued an order stating that it was aware of the *Purdue* decision and that the merits panel would "determine if additional briefing is required."  Supp App. Ex. 6 at 256.  Both BSA and the non-consenting claimants filed letters requesting supplemental briefing addressing *Purdue*.  Supp. App. Ex. 8 at 307.  On July 8, 2024, the Third Circuit issued an order directing supplemental briefing on the impact of *Purdue*, due August 7, 2024.  Supp. App. Ex. 7.

<u>**ARGUMENT**</u>

The Supreme Court's ruling in *Purdue* has cast further significant doubt on the BSA Plan that forms the foundation of this coverage proceeding.  Defendants therefore respectfully submit that the Court should (i) maintain the stay of this proceeding while the Third Circuit determines the impact of *Purdue* on the BSA Plan and clarifies the contours of this proceeding moving forward through resolution of the Appeals, and (ii) defer resolution of the currently pending motions to dismiss filed by Responding Defendants, which may be altered or mooted depending on the outcome of the Third Circuit proceedings.

## I.      This Proceeding Should Remain Stayed Pending The Third Circuit's Ruling.

The Court previously instructed the parties at the Conference that its policy is to issue a stay where "another ruling that's being considered by a court in a like case will either have a direct effect or an indirect effect on the litigation."  Tr. at 51:12–17.  The Court already found that circumstance to be met when *Purdue* was pending, and it remains the case today.  In light of the *Purdue* ruling, the Third Circuit is now squarely confronted with the question of whether, following the *Purdue* decision, the non-consensual, non-debtor Releases contained in the BSA Plan are permissible, and if not, whether and to what extent the Plan must be modified or unwound. Because of the *Purdue* ruling, there is a very real possibility that the Plan will be undone entirely, or, at a minimum, substantially revised.

As explained in detail in the Motion to Stay, this case is fraught with issues related to non-consensual, non-debtor Releases, which form the "cornerstone" of the Plan under which this litigation proceeds.  *See generally* MTS.  The continued validity of these Releases is particularly integral to this case because the vast majority of insurance policies alleged by the Trustee to provide coverage for Abuse Claims were allegedly issued to released, non-debtor Local Councils. *Id.* at 1, 9.  Likewise, as explained in the Motion to Stay and at the Conference, invalidation of the Releases in this case could impact "the future viability of the Plan itself" or else cause thousands of policies to "fall out" of this case.  Tr. at 53:12–54:2.  In other words, all of the reasons underlying the Court's issuance of the Stay Order in December 2023 remain true today.  *See* Tr. at 58:13–15.

The rationale for a stay has only grown stronger.  The *Purdue* decision raises the prospect that the entire Plan might unravel, including its creation of the Trust and the appointment of the Trustee.

To the extent the Plan is not entirely undone, and the Trust remains intact, it is unclear whether the Trustee will continue to have the authority to assert rights on behalf of non-debtors,

including Local Councils that received Releases under the Plan. This is critical because Local Council Insurance Policies make up the majority of the alleged insurance policies that the Trustee has put at issue in the Complaint. *See* MTS at 1, 9. Indeed, there are 44 named Defendants who the Trustee alleges issued only non-debtor Local Council Insurance Policies, with no policies allegedly issued directly to the debtor, BSA. *See* Compl. ¶¶ 5–95; Exhibits A, B to Compl. If the Third Circuit determines that rights under these non-debtor Local Council Insurance Policies were not properly assigned to the Trustee under the Plan, then the Trustee has no basis for asserting any claims at all against at least these 44 named Defendants. As to the remaining Defendants—many of whom are alleged to have issued policies to both BSA and Local Councils—a substantial portion of claims against them would likewise have no basis for moving forward.

Additionally, the *Purdu*e ruling raises the question of whether the settlements of Settling Insurers—which are predicated on the Plan's non-debtor Releases and Channeling Injunction—will hold. If they do not, another group of insurers could become parties in this lawsuit (assuming it survives).

Proceeding with this action before the Third Circuit rules would require the parties to prematurely expend inordinate time and resources on an action that may very well need to be re-filed, scaled-back, re-framed, or dismissed entirely. That is exactly what the initial Stay Order was intended to prevent. *See* Tr. at 58:17 (emphasizing "economy of time and effort" in granting the stay); *see also U.S. Bank v. Royal Indem. Co*., No. CIV.A.3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting stay where the defendants contended "enormous waste of time, money, and judicial resources" was undue hardship that warranted a stay pending resolution of multi-district litigation that may impact the outcome of the instant case); *Automated Transactions, LLC v. Bath Sav. Inst*., Case No. 2:12-CV-393-JAW, 2013 WL 1346470, at *2 (D.

Me. Mar. 14, 2013) (granting stay pending resolution of multi-district litigation in light of "the potential cost in time and money, not to mention the waste of judicial resources" that would be expended absent a stay) (citation omitted).

The potential for waste and judicial inefficiency is particularly salient here given the scope of the lawsuit, which includes 91 named Defendants and implicates *thousands* of alleged policies purportedly implicated by tens of thousands of Abuse Claims arising in all 50 U.S. states and several territories.  MTS at 2, 16.  If this case proceeds, the Court and the parties will need to wade through a whole host of threshold issues, including challenges to personal jurisdiction, questions regarding who is a proper party, choice-of-law disputes regarding claims from different policies, arguments regarding the subset of at-issue policies under which the Trustee can seek coverage, and the existence and terms of missing policies.  The continuing relevance of many of these threshold issues necessarily depends on how the Third Circuit decides the pending Appeals.

The Responding Defendants respectfully submit that the Trustee would not be prejudiced by a continued stay.  *See* MTS at 11–14.  On the contrary, continuing litigation under the current terms of the Plan, which could be overturned or modified by the Third Circuit, might unnecessarily deplete the assets available to the Trust.

The Trustee may contend that the Appeals currently before the Third Circuit jeopardize neither the Plan nor her standing to bring this case because the Plan has been "substantially consummated."  But that is a live question before the Third Circuit, where BSA has been actively seeking to brief the issue, and is a question this Court need not wade into.  Until the Third Circuit determines whether the Plan and the Trust is at risk, the Responding Defendants respectfully request that the stay continue.

## II.   The Court Need Not Waste Judicial Resources Deciding The Responding Defendants' Motions To Dismiss Until The Third Circuit Rules In The Appeals.

Currently before the Court are seven pending motions to dismiss, including three motions filed by Responding Defendants.  *See* ECF Nos. 211, 213, 226.[4]  The Responding Defendants' motions raise a variety of overarching issues that implicate the size, scale, and nature of this suit. For example, the motions argue that the Trustee's causes of action are unripe, and not yet subject to adjudication by this Court, because the Trustee has not fully processed all of the Abuse Claims for which she seeks insurance coverage, much less presented resolved Abuse Claims to individual Defendant insurers for coverage.  *See* ECF No. 211 at 11–16; ECF No. 213 at 2–6; ECF No. 226 at 12–16.  The motions also argue that the Trustee fails to state any cause of action because the Complaint relies on sweeping, conclusory allegations, rather than identifying which Abuse Claims implicate which alleged insurance policies, or how any specific Defendant has refused any particular request for coverage, much less breached a particular policy.  *See* ECF No. 211 at 17– 22; ECF No. 213 at 7–10; ECF No. 226 at 18–25.  As to 25 of the named Defendants that are not incorporated and do not maintain their principal place of business in Texas, one motion argues that the Court lacks personal jurisdiction to adjudicate rights under insurance policies issued outside of Texas for non-Texas claims.  ECF No. 226 at 25–30.

To litigate these threshold issues now, while the propriety of the Plan and the scope of the Trustee's rights are very much an open question for the Third Circuit, would be a considerable waste of judicial resources.  Depending on how the Third Circuit rules, these arguments for dismissal could be mooted by a wholesale repeal of the entire Trust structure in the BSA

---

[4] Other defendants filed separate motions to dismiss, which Responding Defendants understand will be addressed in separate supplemental briefs.

bankruptcy proceedings, which in turn would require dismissal or withdrawal of the case for lack of standing.  Or, if the Trust survives but the non-debtor Releases are unwound, the Complaint may need to be significantly reconfigured.  For example, the Trustee may need to withdraw all claims seeking coverage under alleged Local Council Insurance Policies, which would considerably narrow personal jurisdiction arguments.  And, if the contributions of Settling Insurers to the Trust are undone because the Settling Insurers are unable to obtain the Releases that were consideration for their contributions, the Trustee may seek to add additional Defendants (i.e., the former Settling Insurers), which might want to join in some or all of the pending motions or present their own.

These examples merely illustrate how the resolution of the Appeals could impact this case.  Of course, there are other possible outcomes that might require dismissal of the entire proceeding on different grounds, or which may prompt other fundamental changes to the Complaint.  It is in the interest of all the parties and the Court that the threshold issues presented by these motions are litigated only one time and only after the Third Circuit's upcoming rulings are issued—rather than expending time and resources on these motions now when they may later be mooted or undone by the Third Circuit.

At bottom, this Court's previous Stay Order recognized not only the mere fact that *Purdue* was pending before the Supreme Court, but also the possibility that its outcome might have sweeping implications for the basic structure of this case.  In light of the *Purdue* decision, the possibility of sweeping implications for this case is even more real than it was when the Court initially entered the Stay Order.  Continuation of the Stay would avoid, until the Third Circuit rules, a material and significant waste of the parties' and this Court's resources.

\*\*\*

-14-

Alternatively, in the event that the Court does not renew the Stay Order, Responding Defendants respectfully request that the Court stay discovery pending resolution of the motions to dismiss, as Defendants understand to be the Court's general policy. Tr. at 58:9–10. And here, a stay of discovery would be particularly warranted given the pending motions to dismiss raise a variety of important threshold issues, and where the size, scope, and nature of this lawsuit depend on how those motions are decided. *Stollings v. Texas Tech Univ.*, No. 5:20-CV-250-H, 2021 WL 4171815, at *1–2 (N.D. Tex. Apr. 13, 2021) (holding that a stay of discovery is especially warranted where a pending motion to dismiss addresses threshold issues that "will have a significant impact on the disposition of t[he] case").

## **CONCLUSION**

For the reasons outlined herein, the Responding Defendants respectfully request that the Court maintain the stay in this proceeding until the Third Circuit either dismisses or rules on the merits of the Appeals.

Dated:       July 11, 2024

Respectfully submitted,

*/s/ Betty X. Yang*
Betty X. Yang
Texas Bar No. 24088690
Michael A. Rosenthal
Texas Bar No. 17281490
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, Texas 75201
Telephone:     214-698-3100
Facsimile:     214-571-2900
E-mail:        byang@gibsondunn.com
               mrosenthal@gibsondunn.com

Christopher J. St. Jeanos (*pro hac vice*)
New York Bar No. 2805729
Justin Garbacz (*pro hac vice*)
New York Bar No. 5691910
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone:     212-728-8000
Facsimile:     212-728-8111
E-mail:        cstjeanos@willkie.com
               jgarbacz@willkie.com

James Hallowell (*pro hac vice*)
New York Bar No. 2688869
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone:     212-351-4000
Facsimile:     212-351-4035
E-mail:        jhallowell@gibsondunn.com

Joseph G. Davis (*pro hac vice*)
D.C. Bar No. 441479
Zaina Fontane (*pro hac vice*)
D.C. Bar No. 90014285
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006
Telephone:     202-303-1000
Facsimile:     202-303-2000
E-mail: jdavis@willkie.com
        zfontane@willkie.com

Richard J. Doren (*pro hac vice*)
California Bar No. 124666
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone:     213-229-7000
Facsimile:     213-229-7520
E-mail:        rdoren@gibsondunn.com

*Counsel for American Home Assurance Company, The Insurance Company of the State of Pennsylvania, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., New Hampshire Insurance Company, and Consolidated National Insurance Company*

/s/ S. Jan Hueber
S. Jan Hueber
Texas Bar No. 20331150
Kaitlin Palmarozzi
Texas Bar No. 24098217
LITCHFIELD CAVO, LLP
100 Throckmorton Street, Ste. 500
Fort Worth, Texas 76102
Telephone:   817-945-8025
Facsimile:   817-753-3232
E-mail:        hueber@litchfieldcavo.com
                   Palmarozzi@litchfieldcavo.com

*Counsel for Amerisure Insurance Company*

/s/ Robert Sayles
Robert Sayles
Texas Bar No. 24049857
Brian M. Gillett
Texas Bar No. 24069785
BRADLEY ARANT BOULT CUMMINGS
LLP
Fountain Place
1445 Ross Avenue
Suite 3600
Dallas, TX 75202
(214) 257-9800
rsayles@bradley.com
bgillett@bradley.com

and

Robert W. Mauriello, Jr.
GIMIGLIANO MAURIELLO & MALONEY,
P.A.
163 Madison Avenue, Suite 500
P. O. Box 1449
Morristown, New Jersey 07962-1449
(973) 946-8360
rmauriello@lawgmm.com

*Counsel for Utica Mutual Insurance Company*

/s/ Aaron Z. Tobin
Aaron Z. Tobin
Texas Bar No. 24028045
William G. Whitehill
Texas Bar No. 21356550
Justin D. Hanna
Texas Bar No. 24095726
CONDON TOBIN SLADEK THORNTON
NERENBERG PLLC
8080 Park Lane, Ste. 700
Dallas, Texas 75231
Telephone:   214-691-6300
Facsimile:   214-691-6311
E-mail:        atobin@condontobin.com
                   bwhitehill@condontobin.com
                   jhanna@condontobin.com

/s/ S. Jan Hueber
S. Jan Hueber
Texas Bar No. 20331150
LITCHFIELD CAVO, LLP
100 Throckmorton Street, Ste. 500
Fort Worth, Texas 76102
Telephone:   817-945-8025
Facsimile:   817-753-3232
E-mail:        hueber@litchfieldcavo.com

-17-

Kim V. Marrkand
Massachusetts Bar No. 543823
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Telephone:    617-542-6000
E-mail:        kvmarrkand@mintz.com

Douglas R. Gooding
Massachusetts Bar No. 558976
Bryana T. McGillycuddy
Massachusetts Bar No. 684990
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone:      617-248-5000
E-mail:dgooding@choate.com
            bmcgillycuddy@gmail.com

*Counsel for Liberty Insurance Underwriters
Inc., Liberty Mutual Insurance Company,
Liberty Surplus Insurance Corporation, The
Ohio Casualty Insurance Company, Peerless
Indemnity Insurance Company, Safeco
Insurance Company of America & Wausau
General Insurance Company*

Daniel G. Litchfield (*pro hac vice*)
IL Bar No. 6185695
LITCHFIELD CAVO, LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
Telephone:    312-781-6660
E-mail:        litchfield@litchfieldcavo.com

*Counsel for The Cincinnati Insurance
Company*

*/s/ Jeremy T. Brown*
Jeremy T. Brown
Texas Bar No. 24055221
Keating Brown PLLC
18383 Preston Road, Ste. 300
Dallas, Texas 75252
Telephone:    214-390-7701
E-mail:        jbrown@keatingbrown.com

*/s/ Steven T. Ramos*
Steven T. Ramos
Texas Bar No. 00784812
AYIK & ASSOCIATES
1301 E. Collins Blvd., Suite 290
Richardson, Texas 75081
Telephone:    214-570-6596
Facsimile:    214-570-6262
E-mail:        stramos@travelers.com

Robert W. DiUbaldo (*pro hac vice*)
New York Bar No. 4296851
Nora A. Valenza-Frost (*pro hac vice*)
New York Bar No. 4928933
CARLTON FIELDS, P.A.
405 Lexington Avenue, 36th Fl.
New York, NY 10174
Telephone:   212-785-2577
E-mail:  rdiubaldo@carltonfields.com
                nvalenza-frost@carltonfields.com

Gregory A. Gidus (*pro hac vice*)
Florida Bar No. 105930
CARLTON FIELDS, P.A.
4221 W. Boy Scout Blvd. Ste. 1000
Tampa, FL 33607
Telephone:   813-223-7000
E-mail:        ggidus@carltonfields.com

*Counsel for Everest National Insurance
Company*

Kathleen D. Monnes (*pro hac vice*)
Connecticut Bar No. 407246
DAY PITNEY LLP
225 Asylum Street
Hartford, CT 06103
Telephone:   860-275-0103
Facsimile:   860-881-2482
E-mail:        kdmonnes@daypitney.com

Candace J. Hensley (*pro hac vice*)
Massachusetts Bar No. 706150
DAY PITNEY LLP
One Federal Street
Boston, MA 02110
Telephone:   617-345-4676
Facsimile:   617-716-2136
E-mail:  chensley@daypitney.com

*Counsel for Charter Oak Fire Insurance
Company; Phoenix Insurance Company; St.
Paul Fire and Marine Insurance Company; St.
Paul Mercury Insurance Company; St. Paul
Surplus Lines Insurance Company; The
Travelers Companies, Inc.; The Travelers
Indemnity Company; Travelers Casualty and
Surety Company; and United States Fidelity
and Guaranty Company*

/s/ *Thomas B. Alleman*
Thomas B. Alleman
Texas Bar No. 01017485
José M. (Joe) Rubio III
Texas Bar No. 24084576
DYKEMA GOSSETT PLLC
1717 Main, Suite 4200
Dallas, Texas 75201
Telephone: 214-462-6400
Facsimile:  214-462-6401
talleman@dykema.com
jrubio@dykema.com

Brent H. Olson (*pro hac vice*)
Washington, D.C. Bar No. 494383
DYKEMA GOSSETT PLLC
1301 K Street, NW, Suite 1100 West

/s/ *Lance V. Clack*
Lance V. Clack
Texas Bar No. 24040694
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Telephone:   214-939-2000
Facsimile:   214-939-2090
E-mail:        lance.clack@figdav.com

Laura S. McKay (*pro hac vice to be filed*)
llinois Bar No. 6207837
Douglas M. DeWitt (*pro hac vice to be filed*)
llinois Bar No. 6274805
HINKHOUSE WILLIAMS WALSH LLP
180 N. Stetson Avenue, Suite 3400
Chicago, IL 60601

Washington, DC 20005
Telephone: (202) 906-8604
Facsimile: (888) 799-0832
bolson@dykema.com

*Counsel for Allied World Assurance
Company (U.S.) Inc.*

/s/ Ramy P. Elmasri
Ramy P. Elmasri
Texas Bar No. 24051690
CLAUSEN MILLER P.C.
325 N. Saint Paul Street
Suite 3100
Dallas, Texas 75201
469-942-8635
relmasri@clausen.com

Amy R. Paulus (*pro hac vice*)
CLAUSEN MILLER P.C.
Illinois Bar No. 6201768
10 South LaSalle Street
Chicago, IL 60603
312.855.1010
apaulus@clausen.com

*Counsel for Old Republic Insurance
Company*

/s/ John E. W. Baay II
John E. W. Baay II
Texas Bar No. 798042
GIEGER, LABORDE & LAPEROUSE,
L.L.C.
Suite 4800, 701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: 504-561-0400
Facsimile: 504-561-0100
E-mail:    jbaay@glllaw.com

William H. White Jr.
D.C. Bar No. 461341
KIERNAN TREBACH LLP
1233 20th Street NW, 8th Floor

Telephone:    312-784-5415
Facsimile:    312-784-5499
E-mail: lmckay@hww-law.com
          ddewitt@hww-law.com

*Counsel for Sparta Insurance Company, as
successor for certain limited purposes to
American Employers' Insurance Company*

/s/ Roy A. Mura
Roy A. Mura, Esq. (pro hac vice)
New York Bar No. 2112035
MURA LAW GROUP, PLLC
14 Lafayette Square, Suite 930
Buffalo, New York 14203
(716)855-2800
roy.mura@muralaw.com

Kieran W. Leary, Esq.
Texas Bar No. 24108517
TOLLEFSON BRADLEY MITCHELL
& MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
(214)665-0119
kieranl@tbmmlaw.com

*Counsel for Erie and Niagara Insurance
Association*

/s/ Kristin V. Gallagher
Daisy Khambatta
Texas State Bar No. 24029654
KENNEDYS CMK LLP
3821 Juniper Trace, Suite 101
Austin, TX 78738
Telephone: (512) 687-1718
Facsimile: (312) 207-2110
E-Mail: daisy.khambatta@kennedyslaw.com

Kristin V. Gallagher (*pro hac vice*)
KENNEDYS CMK LLP
N.J. Bar No. 029601995
120 Mountain View Blvd., PO Box 650
Basking Ridge, NJ 07920

Washington, D.C. 20036
Telephone:    202-712-7000
Facsimile:     202-712-7001
E-mail:wwhite@kiernantrebach.com

*Counsel for Gemini Insurance Company*

Telephone: (908) 848-6300
Facsimile: (908) 647-8390
E-Mail:  kristin.gallagher@kennedyslaw.com

Jedidiah Vander Klok (*pro hac vice*)
KENNEDYS CMK LLP
FL Bar No. 0084766
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Telephone: (305) 371-1111
Facsimile: (305) 374-8066
jedidiah.vanderklok@kennedyslaw.com

*Counsel for AXIS Specialty Insurance Company and AXIS Surplus Insurance Company*

/s/ Stephen A. Melendi
Stephen A. Melendi
Texas Bar No. 24041468
Matt Rigney
Texas Bar No. 24068636
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
E-mail:      stephenm@tbmmlaw.com
             mattr@tbmmlaw.com

Kathleen Kerns (*pro hac vice*)
Pennsylvania Bar No. 57439
POST & SCHELL, P.C.
Three Logan Square – 24th Floor
1717 Arch Street
Philadelphia, PA  19103
Telephone:  (215) 587-1000
Facsimile:  (215) 587-1444
E-mail:      kkerns@postschell.com

*Counsel for Argonaut Insurance Company*

/s/ Shannon M. O'Malley
Shannon M. O'Malley
Texas Bar No. 24037200
Megan E. Zeller
Texas Bar No. 24082187
ZELLE LLP
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994
E-mail:       somalley@zellelaw.com
              mzeller@zellelaw.com

Gary P. Seligman (*pro hac vice*)
D.C. Bar No. 468046
Ashley L. Criss (*pro hac vice*)
D.C. Bar No. 1048326
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
Telephone:    202-719-7000
Facsimile:    202-719-7049
E-mail:       gseligman@wiley.law
              acriss@wiley.law

*Counsel for General Star Indemnity Company*

-21-

/s/ Gary S. Kessler
Gary S. Kessler
Texas Bar No. 11358200
Samuel C. Kessler
Texas Bar No. 24118431
KESSLER COLLINS
500 N. Akard St., Ste. 3700
Dallas, TX 75201
Telephone:    214-379-0722
Facsimile:    214-373-4714
E-mail:        gkessler@kesslercollins.com
                    skessler@kesslercollins.com

Thaddeus J. Weaver (*pro hac vice*)
Delaware Bar Id. No. 2790
DILWORTH PAXSON LLP
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:    302-571-8867
Facsimile:    302-351-8735
E-mail:        tweaver@dilworthlaw.com

*Counsel for Munich Reinsurance America Inc., formerly known as American Re-Insurance Company*

/s/ David Schubert
David Schubert
Texas Bar No. 17820800
Blake S. Evans
Texas Bar No. 06706950
Stephen Burnett
Texas Bar No. 24006931
SCHUBERT & EVANS
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone:    214-744-4400
Facsimile:    214-744-4403
E-mail:        dschubert@schubertevans.com
                    bevans@schubertevans.com
                    sburnett@schubertevans.com

Ronald P. Schiller (pro hac vice)
Pennsylvania Bar No. 41357
Matthew A. Hamermesh (pro hac vice)
Pennsylvania Bar No. 82313
Elizabeth C. Dolce (pro hac vice)
Pennsylvania Bar No. 324448
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square| 27th Floor
Philadelphia, PA 19103
Telephone:    215 468 6200
Facsimile:    215 468-0300
E mail:        rschiller@hangley.com
                    mhamermesh@hangley.com
                    edolce@hangley.com

*Counsel for Arch Insurance Company*

*/s/ Richard A. Galbo*
Richard A. Galbo (*pro hac vice*)
New York Bar No.: 1970888
GOLDBERG SEGALLA LLP
665 Main Street
Buffalo, NY 14203
Telephone:    716-710-5810
E-mail:        rgalbo@goldbergsegalla.com

Ashlyn Capote (*pro hac vice*)
New York Bar No. 5200969
Michigan Bar No. P76342
665 Main Street
Buffalo, NY 14203
Telephone:    716-510-5899
E-mail:        acapote@goldbergsegalla.com

Alissa K. Christopher
Texas Bar No. 11531020
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, TX 75201
Telephone:    214-462-3299
E-mail:        akchristopher@cozen.com

*Counsel for National Casualty Company,*
*Nationwide Affinity Insurance Company of*
*America, Nationwide Mutual Insurance*
*Company, Scottsdale Insurance Company*
*and Wausau General Insurance Company*

*/s/ Joseph A Ziemianski*
Joseph A Ziemianski
Texas Bar No. 00797732
COZEN O'CONNOR
1221 McKinney
Suite 2900
Houston, TX 77010
Telephone:    832-214-3900
Facsimile:    832-214-3905
E-mail:        jziemianski@cozen.com

*/s/J. Richard Harmon*
J. Richard Harmon
Texas Bar No. 09020700
Jo Allison Stasney
Texas Bar No. 19080280
John M. Wiggins
Texas Bar No. 24115950
THOMPSON, COE, COUSINS & IRONS,
L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:    214-871-8200
Facsimile:    214-871-8209
E-mail:        rharmon@thompsoncoe.com
                jstasney@thompsoncoe.com
                jwiggins@thompsoncoe.com

*Counsel for QBE Insurance Corporation*

*/s/ Stephen A. Melendi*
Stephen A. Melendi
Texas Bar No. 24041468
Frank Kennedy
Texas Bar No. 00787820
TOLLEFSON BRADLEY MITCHELL &
MELINDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
E-mail:        stephenm@tbmmlaw.com
                frankk@tbmmlaw.com

*Counsel for First Insurance Company of*
*Hawaii, LTD*

Alicia G. Curran
Texas Bar No. 12587500
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, Texas 75201-7335
Telephone:    214-462-3000
Facsimile:    214-462-3299
E-mail:       acurran@cozen.com

*Counsel for Endurance American Insurance
Company and Endurance American Specialty
Insurance Company*


/s/ *Ivan M. Rodriguez*
Ivan M. Rodriguez
Texas Bar No. 24058977
Clinton J. Wolbert
Texas Bar No. 24103020
PHELPS DUNBAR, L.L.P.
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone:    713-877-5504
Facsimile:    713-626-1388
E-mail:       ivan.rodriguez@phelps.com
              clinton.wolbert@phelps.com

William R. de los Santos
Texas Bar No. 24125762
PHELPS DUNBAR, L.L.P.
2102 E. State Highway 114, Suite 207
Southlake, Texas 76092
Telephone:    817-488-3134
E-mail:  william.delossantos@phelps.com

*Counsel for Evanston Insurance Company*


/s/ *Christina A. Culver*
Brian S. Martin
Texas Bar No. 13055350
Christina A. Culver
Texas Bar No. 24078388
THOMPSON, COE, COUSINS & IRONS,
LLP
One Riverway, Suite 1400
Houston, Texas 77056-1988
Telephone:    713-403-8210
Facsimile:    713-403-8299
E-mail:       bmartin@thompsoncoe.com
              cculver@thompsoncoe.com

*Counsel for Allstate Insurance Company*

*/s/ Pamela Dunlop Gates*
Pamela Dunlop Gates
Texas Bar No. 06239800
Corporate Litigation CNA
Apex at Legacy
5801 Headquarters Drive, Suite 750A
Plano, Texas 75024-6189
Telephone:    214-220-5921
E-mail:         pamela.dunlopgates@cna.com

Laura McNally, Esq. (*pro hac vice*)
Illinois Bar No. 6226965
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
Telephone:    312-464-3155

*Counsel for American Casualty Company of Reading, Pennsylvania, Columbia Casualty Company, Continental Casualty Company, The Continental Insurance Company, National Fire Insurance Company of Hartford*

*/s/ Syed Omar Shah*
Syed Omar Shah (*pro hac vice*)
New York Bar No. 5934237
sos@wcslaw.net
Williamson, Clune & Stevens
317 North Tioga Street
Ithaca, New York 14851-0126
Telephone: (607) 273-3339
Facsimile: (607) 273-4164

*Counsel for Security Mutual Insurance Company*

*/s/ Aaron L. Mitchell*
Aaron L. Mitchell
Texas Bar No. 14205590
Beth Bradley
Texas Bar No. 06243900
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Ave., Suite 250
Dallas, Texas 75204
Telephone:    214-665-0110
Facsimile:    214-665-0199
E-mail:         aaronm@tbmmlaw.com
                     bethb@tbmmlaw.com

Lloyd A. Gura (*pro hac vice*)
NY Bar – 2380277
Pamela J. Minetto (*pro hac vice*)
NY Bar - 2241685
One New York Plaza 44th Floor
New York, NY 10004
Telephone:    212-804-4282
Facsimile:    973-242-4244
E-mail:         lgura@moundcotton.com
                     pminetto@moundcotton.com

*Counsel for Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company*

*/s/ David M. Hymer*
David M. Hymer
Texas Bar No. 10380250
Steven Wood
Texas Bar No. 24033355
QUINTAIROS, PRIETO, WOOD & BOYER, PA.
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
Telephone:    214-754-8755
Facsimile:    214-754-8744
E-mail:         david.hymer@qpwblaw.com
E-mail:         steven.wood@qpwblaw.com

*Counsel for Erie Family Life Insurance Company and Erie Insurance Exchange*

/s/ Aaron L. Mitchell
Aaron L. Mitchell
Texas Bar No. 14205590
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Ave., Suite 250
Dallas, Texas 75204
Telephone:   214-665-0110
Facsimile:   214-665-0199
E-mail: aaronm@tbmmlaw.com

John Philip Morgenstern (*pro hac vice*)
New Jersey Bar No. 019011997
O'HAGAN MEYER
3 Logan Square 1717 Arch Street, Ste. 3910
Philadelphia, PA 19103
Telephone:   215-461-3301
Facsimile:   215-461-3311
E-mail:  jmorgenstern@ohaganmeyer.com

*Counsel for Ategrity Specialty Insurance Company*

/s/ Lisa Henderson
Lisa Henderson
Texas Bar No.: 24025423
Kimberly Steele
Texas Bar No.: 04127600
CLYDE & CO US LLP
Meridian Business Center
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231
Telephone: (214) 540-7539
Facsimile: (214) 540-7540
E-mail: lisa.henderson@clydeco.us
E-mail: kimberly.steele@clydeco.us

Alexander E. Potente (*pro hac vice*)
CLYDE & CO US LLP
150 California Street | 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9869
Facsimile: (415) 365-9801
E-mail: alex.potente@clydeco.us

Konrad R. Krebs (*pro hac vice*)
CLYDE & CO US LLP
1515 Market Street | Suite 1200
Philadelphia, Pennsylvania 19102
Telephone: (215) 960-5263
Facsimile: (973) 210-6701
E-mail: konrad.krebs@clydeco.us

*Counsel for Great American Assurance Company, Great American E & S Insurance Company, and Great American Insurance Company*

/s/ Richard D. Salgado
Richard D. Salgado
MCDERMOTT WILL & EMERY LLP
Texas Bar No. 24060548
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: 214.210.2797
Facsimile: 972.232.3098
E-mail:  richard.salgado@mwe.com

/s/ Scott L. Davis
Scott L. Davis
Texas Bar No. 055437030
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Phone: (214) 999-6100
Fax: (214) 999-6170
Scott.Davis@huschblackwell.com

Ryan S. Smethurst (*pro hac vice*)
Alex M. Spisak (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
Telephone: 202.756.8228
Facsimile: 202.756.8087
E-mail: rsmethurst@mwe.com
E-mail: aspisak@mwe.com

*Counsel for Jefferson Insurance Company*

Tyler Scott (*pro hac vice*)
Missouri Bar No. 63231
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Phone: (816) 983-8274
Fax: (816) 983-8080
Tyler.Scott@huschblackwell.com

*Counsel for Crum & Forster Indemnity
Company, TIG Insurance Company, The
North River Insurance Company, and United
States Fire Insurance Company*
*/s/ W. Edward Carlton*
W. Edward Carlton
Texas Bar No. 03820050
Quilling, Selander, Lownds, Winslet & Moser,
P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 781-2100
Facsimile: (214) 871-2111
E-Mail: ecarlton@qslwm.com

Catalina J. Sugayan (*pro hac vice*)
Illinois Bar No. 6191764
Clyde & Co US LLP
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 635-7000
Facsimile: (312) 635-6950
Email: catalina.sugayan@clydeco.us

*Counsel for Tenecom Limited (formerly known
as Winterthur Swiss Insurance Company),
Catalina Worthing Insurance Ltd (CWIL)
(formerly known as Hartford Financial
Products International as Part VII Transferee
of Excess Insurance Co Ltd and London &
Edinburgh Insurance Co Ltd, as successor to
London & Edinburgh General Insurance Co
Ltd.), Swiss Re. Corporate Solutions Capacity
Insurance Corporation (formerly known as, or
otherwise responsible for the liability of, First
Specialty Insurance Corporation) and
Westport Insurance Corporation*

**<u>Certificate of Service</u>**

I hereby certify on July 11, 2024, the foregoing was served via CM/ECF on all registered

counsel and transmitted to the Clerk of the Court.

*/s/ Betty X. Yang*