# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), in Her Capacity as Trustee of the BSA Settlement Trust | § § § | |
| | § | CIVIL ACTION NO. 3:23-CV-1592-S |
| v. | § § | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, et al. | § § | |

**ORDER**

The Court is in receipt of Plaintiff's Notice to Court Regarding Supreme Court's Decision in *Harrington v. Purdue Pharma, L.P.* [ECF No. 383], Defendants National Surety and Allianz's Status Report Regarding *Harrington v. Purdue Pharma, L.P.* [ECF No. 386], Plaintiff's Supplemental Brief Addressing the Supreme Court's Opinion in *Harrington v. Purdue Pharma, L.P.* ("Plaintiff's Brief") [ECF No. 387], Responding Defendants' Supplemental Briefing on *Harrington v. Purdue Pharma* Requesting Continuation of the Stay ("Responding Defendants' Brief") [ECF No. 388], Defendant Aviva Plc's Supplemental Brief Following *Harrington v. Purdue* [ECF No. 390], and Plaintiff's Response to Responding Defendants' Brief ("Plaintiff's Response") [ECF No. 392]. Responding Defendants' Brief includes a request that the Court stay this case pending the United States Court of Appeals for the Third Circuit's ruling in the bankruptcy appeal related to this case.[1] Responding Defs.' Br. 1. For the reasons set forth below, the Court **GRANTS** that request.

[11] "Responding Defendants" refers to the entities that signed Responding Defendants' Brief. *See* Responding Defs.' Br. 16-27.

## I. BACKGROUND

In February 2020, Boy Scouts of America ("BSA") filed its Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Delaware. Pl.'s Br. 2. On September 8, 2022, the bankruptcy court entered an order confirming the plan of reorganization ("Plan"). *Id.* On March 28, 2023, the District of Delaware district court affirmed the order confirming the Plan, and the Plan became effective the following month. *Id.* To resolve the abuse claims filed against BSA during its bankruptcy case, the Plan created a settlement trust that assumed liability for claims asserted against both BSA, the debtor, and BSA's Local Councils, which are non-debtors. *Id.* at 3. The settlement trust received certain assets, including the rights under BSA's and the Local Councils' insurance policies. *Id.* In exchange for this and other contributions to the settlement trust, the Local Councils received releases from liability for the abuse claims. *Id.* at 3-4.

Plaintiff filed this case on July 17, 2023, to seek coverage for the abuse claims filed in the bankruptcy case that have been channeled to the settlement trust for resolution. *Id.* at 8-9. On December 13, 2023, the Court stayed and administratively closed this case pending resolution of *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024). *See* ECF No. 339. The Court ordered the parties to submit supplemental briefing within two weeks of the Supreme Court's ruling in *Harrington*. *Id.* The Court received and reviewed four supplemental briefs and Plaintiff's Response.

While the Supreme Court was considering *Harrington*, appeals of the Delaware district court's order affirming the Plan's confirmation were pending in the Third Circuit. Responding Defs.' Br. 2. Ultimately, sixteen appeals were filed ("Consolidated Appeals"), and the Third Circuit consolidated them. App. in Supp. of Responding Defs.' Br. [ECF No. 389] 2, 258. Two of the appeals challenged the Plan based on its inclusion of releases for non-debtors, including the

Local Councils. Responding Defs.' Br. 2. On July 8, 2024, the Third Circuit ordered the parties to file supplemental briefing regarding the impact of the *Harrington* decision. Pl.'s Br. 3. Responding Defendants now ask the Court to stay this case pending the Third Circuit's resolution of the Consolidated Appeals. Responding Defs.' Br. 4.[2]

## II. LEGAL STANDARD

"A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources." *Alexander v. Convergent Outsourcing, Inc.*, No. H-16-3318, 2017 WL 1383627, at *1 (S.D. Tex. Apr. 18, 2017) (citing, among other sources, *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009)). To determine whether a stay is warranted, the Court "weigh[s] the competing interests of the parties and of the Court." *ZeniMax Media Inc. v. Samsung Elecs. Co.*, No. 3:17-CV-1288-D, 2017 WL 4805524, at *2 (N.D. Tex. Oct. 25, 2017) (citation omitted).

## III. ANALYSIS

Responding Defendants argue that the *Harrington* ruling has cast "significant doubt" on the Plan and that this case should be stayed "while the Third Circuit determines the impact of [*Harrington*] on the . . . Plan." Responding Defs.' Br. 9. Having reviewed the Supreme Court's decision in *Harrington*, considered the potential impact of the Third Circuit's ruling in the Consolidated Appeals, and weighed the interests of the parties and the Court, the Court agrees. The question faced by the Supreme Court in *Harrington* "boil[ed] down to whether a court in bankruptcy may effectively extend to *nondebtors* the benefits of a Chapter 11 discharge usually

[2] In Plaintiff's Response, Plaintiff argues that Responding Defendants improperly requested a stay in their briefing, as opposed to filing a motion. Pl.'s Resp. 2-3, 6-7. But, as explained below, the Court has the inherent power to order a stay. *See infra* § II. And Plaintiff has had the opportunity to respond to Responding Defendants' request for a stay, allowing the Court to consider both sides' positions. *See generally* Pl.'s Resp.

reserved for *debtors*." *Harrington*, 144 S. Ct. at 2081. The Supreme Court held that "the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants." *Id.* at 2088. However, the Supreme Court noted that the case before it "involve[d] only a stayed reorganization plan" and thus did "not address whether [its] reading of the bankruptcy code would justify unwinding reorganization plans that have already become effective and been substantially consummated." *Id.* Thus, lower courts are left to determine how *Harrington* applies to non-stayed reorganization plans.

According to Plaintiff, *Harrington* does not impact the Consolidated Appeals because the Plan is effective and has been substantially consummated. Pl.'s Br. 11. Responding Defendants counter that *Harrington* "has left the continued viability of the non-debtor [r]eleases, and the . . . Plan as a whole, squarely in the hands of the Third Circuit." Responding Defs.' Br. 2. Despite Plaintiff's assertion that *Harrington* is irrelevant in this case, the Third Circuit has ordered supplemental briefing on the issue and has indicated that the case will be returned to a merits panel. *Id.* The Third Circuit's decision in the Consolidated Appeals could directly impact this case in numerous ways. For example, if the Third Circuit determines that *Harrington* requires it to invalidate the non-debtor releases, many defendants may need to be dismissed from this case, and claims against others likely would need to be amended. *Id.* at 3. Plaintiff's settlement agreements with non-party insurers could be undone, which could expand this litigation. *Id.* And if the Third Circuit invalidates the entire Plan, Plaintiff will no longer have a role as trustee, and the foundation of this action will be called into question. *Id.*

Plaintiff also argues that "there is no valid basis for why" an insurance coverage action in Illinois involving some of the same parties "should proceed while this case remains stayed." Pl.'s

Resp. 6. Though the Court recognizes Plaintiff's concern, the Court only has the discretion to order a stay to control its own docket, and the Court concludes that imposing a stay is warranted for the reasons discussed above.

## IV. CONCLUSION

This case is **STAYED and ADMINISTRATIVELY CLOSED** pending resolution of the Consolidated Appeals in the Third Circuit. The Court **ORDERS** that within two weeks after such resolution, the parties shall file a notice advising the Court that a ruling has issued in the Consolidated Appeals. Further, the parties shall have two weeks to file supplemental briefing related to pending motions impacted by the ruling in the Consolidated Appeals, if any.

**SO ORDERED.**

SIGNED July 26, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**