# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), in Her Capacity as Trustee of the BSA Settlement Trust § § § § <br> v. § § <br> ALLIANZ GLOBAL RISKS US § <br> INSURANCE COMPANY, et al. § | CIVIL ACTION NO. 3:23-CV-1592-S |

## **ORDER**

The Court previously referred this case to mediation before Craig W. Phillips without objection by any party. *See* ECF No. 338. After the mediator informed the Court that he could not feasibly mediate the case at that time, the Court entered an Order in which it vacated the mediation referral. *See* ECF No. 371. Since that time, the Court has expended a **significant** amount of thought, time, and effort to identify a suitable substitute mediator based on the size and complexity of this case. Based on this extensive diligence, the Court has identified The Honorable Barbara M. G. Lynn (Ret.) as the appropriate mediator for this case. At the request of the Court, the Mediator has run conflicts with Lynn Pinker Hurst & Schwegmann and has identified none.

Therefore, the Court hereby **ORDERS** this case to mediation before:

Hon. Barbara M. G. Lynn (Ret.)
Lynn Pinker Hurst & Schwegmann
2100 Ross Avenue
Suite 2700
Dallas, TX 75201
(214) 981-3800

Mediation shall be in person or by videoconference, as directed by the Mediator, and completed by **90 days before trial**. The Mediator may alter the time, place, or manner of the

mediation as deemed appropriate by the Mediator without leave of Court. The Mediator shall be responsible for communicating with counsel to coordinate a date for the mediation.

All parties must file a notice with the Court waiving any and all conflicts by no later than **August 11, 2025**, unless they have a conflict with the Court-appointed Mediator.

Any party who objects to the Mediator chosen by the Court must file their objection(s) with the Court by no later than **August 11, 2025**. Objecting parties must **state with specificity** any and all valid bases for the objection and **provide briefing on the law** supporting the objection. The parties should be mindful that **any objections and the supporting law must be specifically tailored to the mediation context**, as opposed to the adverse party context. Further, the Court will not entertain objections to the propriety or feasibility of mediation in general at this time; instead, parties should only notify the Court of any objections to the specific Mediator selected by the Court.

**SO ORDERED.**

SIGNED August 6, 2025.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**