IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE HONORABLE BARBARA J. HOUSER
(RET.), IN HER CAPACITY AS TRUSTEE OF
THE BSA SETTLEMENT TRUST,

              Plaintiff,

      v.

ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY ET AL.,

              Defendants.

Civ. Action No. 3:23-cv-01592-S

**MEMORANDUM IN SUPPORT OF DEFENDANT ERIE AND NIAGARA INSURANCE
ASSOCIATION'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Roy A. Mura, Esq. (*pro hac vice*)
New York Bar No. 2112035
MURA LAW GROUP, PLLC
14 Lafayette Square, Suite 930
Buffalo, New York 14203
Telephone: (716) 855-2800
Facsimile: (716) 855-2816
roy.mura@muralaw.com

Kieran W. Leary, Esq.
Texas Bar No. 24108517
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone: (214) 665-0119
Facsimile: (214) 665-0199
kieranl@tbmmlaw.com

*Counsel for Defendant
Erie and Niagara Insurance Association*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ 3

I.    INTRODUCTION) ........................................................................................... 15

II.   FACTUAL ALLEGATIONS ) ......................................................................... 15

    A.   The First Amended Complaint. .................................................................. 6
    B.   The Cartenuto and Orlowski Declarations ............................................... 7
    C.   Plaintiff's Opposition to Erie and Niagara's Original Motion to Dismiss ............... 8

III.  LEGAL STANDARD ...................................................................................... 9

    A.   Exercising Personal Jurisdiction Over a Nonresident Defendant ................................
    B.   The Declaratory Judgment Act Does Not Provide Personal Jurisdiction ............... 129

IV.   ARGUMENT .................................................................................................... 12

V.    CONCLUSION ................................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                    <u>Page(s)</u>

*Baird v. Shagdarsuren*,
    426 F. Supp. 3d 284 (N.D. Tex. 2019) ................................................................ 15

*Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*,
    729 F. Supp. 2d 789 (N.D. Tex. 2010) ................................................................ 18

*Benson v. State Bd. of Parole and Probation*,
    384 F.2d 238, 239 (9th Cir. 1967)........................................................................ 12

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
    582 U.S. 255 (2017)............................................................................................. 11

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985).......................................................................................10, 13

*Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*,
    615 F.3d 364 (5th Cir. 2010)................................................................................ 14

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)............................................................................................. 11

*Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*,
    24 F.4th 491 (5th Cir. 2022)................................................................................. 15

*E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*,
    948 F.3d 289 (5th Cir. 2020)................................................................................ 14

*Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,
    818 F.3d 193, 212 (5th Cir. 2016)........................................................................ 13

*First Inv. Corp. of the Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*,
703 F.3d 742 (5th Cir. 2012)..................................................................................... 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)............................................................................................. 16

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)............................................................................................. 13

*Hanson v. Denckla*,
    357 U.S. 235 (1958)............................................................................................. 11

*Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*,
    818 F.3d 193 (5th Cir. 2016) ) ................................................................................. 13

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ..................................................................................................... 9

*Johnson v. TheHuffingtonPost.com, Inc.*,
    21 F.4th 314 (5th Cir. 2021) ) ................................................................................. 18

*Jones v. Petty-Ray Geophysical, Geosource, Inc.*,
    954 F.2d 1061, 1068 n.9 (5th Cir.) ....................................................................... 12

*Luv N' care, Ltd. v. Insta-Mix, Inc.*,
    438 F.3d 465 (5th Cir. 2006) ................................................................................. 10

*Milliken v. Meyer*,
    311 U.S. 457, 463 (1940) ........................................................................................... 9

*Mississippi Interstate Express, Inc. v. Transpo, Inc.*,
    681 F.2d 1003 (5th Cir. 1982) ............................................................................... 12

*Moncrief Oil Int'l v. OAO Gazprom*,
    481 F.3d 309 (5th Cir. 2007) ................................................................................. 13

*Monkton Ins. Servs. v. Ritter*,
    768 F.3d 429 (5th Cir. 2014) ................................................................................. 14

*My Fabric Designs, Inc. v. F+W Media, Inc.*,
    No. 3:17-CV-2112-L, 2018 WL 1138436 (N.D. Tex. Mar. 2, 2018) ........................ 17

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ............................................................................. 10, 13

*Quill Corporation v. North Dakota*,
    504 U.S. 298, 307 (1992) ......................................................................................... 11

*Seville v. Maersk Line, Ltd.*,
    No. 21-30636, 2022 WL 17076707 (5th Cir. Nov. 18, 2022) .................................. 13

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ................................................................................................. 12

*Stripling v. Jordan Production Company, LLC*,
    234 F.3d 863 (5th Cir. 2000) ................................................................................. 11

*Stuart v. Spademan*,
    772 F.2d 1185 (5th Cir. 1985) ................................................................................. 9. 13

*Wilson v. Belin*,
    20 F.3d 644 (5th Cir. 1994) ...................................................................................... 9

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ................................................................................................ 14

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 2

Defendant Erie and Niagara Insurance Association ("Erie and Niagara") respectfully submits this brief in support of its motion to dismiss the plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of this Court.

## I.    INTRODUCTION

In July 2023 Plaintiff, the Honorable Barbara J. Houser (Ret.), in her capacity as the Trustee of the BSA Settlement Trust, commenced this "civil action for a declaratory judgment, breach of contract, and bad faith.  The action arises out of an insurance coverage dispute between the Trust, as the assignee to certain insurance policy rights originally issued to the Boy Scouts of America ('BSA') and its Local Councils (defined below) and exclusive holder, pursuant to the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC (the 'Plan'), of all rights under such insurance policies, and Defendants, which are liability insurers that issued or subscribed to insurance policies (collectively, the 'Insurance Policies,' and each an 'Insurance Policy') sold to BSA and Local Councils."  ECF No. 1, Compl. ¶1; see, also ECF No. 561, FAC ¶ 1.

Erie and Niagara was and still is one of the approximately 90 insurers named as defendants in this action, both the original complaint ("Compl.) and FAC alleging that "Defendant Erie and Niagara Insurance Association is a New York corporation with its principal place of business in New York." Compl. ¶37; FAC ¶34.

As in the original, Plaintiff's FAC identifies Erie and Niagara as the liability insurer of one of the local BSA councils during a one-year period—April 5, 1997 to April 5, 1998:

| Defendant Insurer | Insurer that Issued the Policy | Current Council: Predecessor Council | Policy Number | Start Date | End Date |
|---|---|---|---|---|---|
| Erie and Niagara Insurance Association | Erie and Niagara Insurance Association | Longhouse (373): Cayuga County 1924-2009 (366) | 56040399 | 4/5/1997 | 4/5/1998 |

FAC ¶ 106, Exhibit C (ECF No. 516-3) at 12 of 66.

Founded as Erie and Niagara County Farmers' Association in 1875 by a small group of farmers in Amherst and Clarence, New York (northeast suburbs of Buffalo), Erie and Niagara is a relatively small New York property and casualty insurance company that provides insurance products and services to over 109,000 policyholders in upstate New York. Erie and Niagara writes homeowners, farmowners, and small business insurance.[1]

Erie and Niagara has never solicited or sold policies or underwritten risks outside of New York State. Erie and Niagara's alleged policyholder—BSA local council "Cayuga County"—was known to and insured by Erie and Niagara as "Cayuga County Council Inc BSA", located in Auburn, New York. Erie and Niagara has never insured any persons or property in Texas, nor consented to the jurisdiction of any courts—state or federal—in Texas.

Neither the long-arm statute of Texas nor principles of due process under the United States Constitution warrant or permit the exercise of personal jurisdiction over nonresident defendant Erie and Niagara in this action. Contrary to what the FAC alleges, Erie and Niagara is not and has never been licensed to do business in Texas; is not transacting and has never transacted business in Texas; has never contracted to insure persons, property, or risks located in Texas; has never contractually or otherwise consented to submit to personal jurisdiction in Texas; has no contacts, much less significant ones, with Texas; has never consented either explicitly or implicitly to the jurisdiction of this Court; has never identified the BSA as a named insured or additional insured; and has never issued any insurance policies, including the one listed in Exhibit C to the Plaintiff's FAC, containing a service of suit clause subjecting Erie and Niagara to jurisdiction in Texas.

For these reasons, Erie and Niagara respectfully requests that this Court grant its pre-answer Rule 12(b)(2) motion to dismiss Plaintiff's FAC against it based on lack of personal jurisdiction.

---

[1] https://www.enia.com/Home/About (last accessed Oct. 2, 2025)

II.    **FACTUAL ALLEGATIONS**

A.    **The First Amended Complaint**

Alike its predecessor, the FAC's jurisdictional allegations remain extremely sparse. With respect specifically to Erie and Niagara, the FAC contains only one jurisdictional allegation: that "Defendant Erie and Niagara Insurance Association is a New York corporation with its principal place of business in New York." (FAC ¶34).

Plaintiff's original complaint contained only one paragraph that generally addressed "[t]his Court['s] personal jurisdiction over each Defendant":

> 99.    This Court has personal jurisdiction over each Defendant because each of them is now, or within the time period relevant to the claims asserted herein, or within the time period relevant to the issuance of the Insurance Policies by the Defendants to BSA and/or Local Councils is or has been licensed to do business in Texas; is transacting or has transacted business in Texas; has contracted to insure persons, property, or risks located in Texas; has contractually or otherwise consented to submit to personal jurisdiction in Texas; and/or has other significant contacts with Texas. Each Defendant therefore has sufficient contacts with Texas that give rise to the present action, has continuous and systematic contacts with Texas, and/or has consented either explicitly or implicitly to the jurisdiction of this Court.

Compl. ¶99.

Presumably in response or reaction to the several Rule 12(b)(2) motions to dismiss her original complaint in October 2023—such motions and others having been terminated as moot by the Court's August 28, 2025 Order (ECF No. 514)—Plaintiff's FAC adds only four, non-specific and non-traversable paragraphs to its Section III. Jurisdiction and Venue. FAC ¶¶ 92-95:

> 92. Accordingly, this Court has general personal jurisdiction over Defendants to the extent they have made themselves at home in Texas, whether by soliciting and selling policies in Texas, selling policies to and collecting premiums from Texans, insuring persons and property in Texas, targeting Texas customers, entering into consent orders regulating their Texas conduct, suing in Texas courts, or some combination thereof.

8

93. This Court has specific personal jurisdiction over Defendants to the extent Defendants' actions consisting of selling policies in Texas, selling policies to Texans, insuring persons and property in Texas, targeting Texas customers, entering into consent orders regulating their Texas conduct, suing in Texas courts, or some combination thereof, establish minimum contacts with Texas.

94. This Court has specific personal jurisdiction over Defendants whose policies identify BSA as a named or additional insured.

95. This Court has specific personal jurisdiction over Defendants whose policies contain service of suit clauses subjecting them to jurisdiction in Texas.

Notably, these four paragraphs do not allege facts as they are for any or all of the defendant insurers; they only principles of personal jurisdiction that could apply "in the event" any of the insurer defendants—including Erie and Niagara—have done certain things or have minimum contacts with Texas.

As before, the FAC makes no other direct or indirect factual allegations of this Court having personal jurisdiction over Erie and Niagara.

### B.    The Cartenuto and Orlowski Declarations

As permitted by Rule 43(c) of the Federal Rules of Civil Procedure, Erie and Niagara submits in support of this motion the declarations of its current president, Norman J. Orlowski, Jr., and current vice-president and chief financial officer, Gina M. Cartenuto. App. 01-06.

These declarations establish that Erie and Niagara: has always been licensed to do business only in New York; has never been licensed to do business in Texas; is transacting and has transacted business only in New York; is not transacting and has never transacted business in Texas; has never contracted to insure persons, property, or risks located in Texas; has never contractually or otherwise consented to submit to personal jurisdiction in Texas; has no contacts, much less significant ones, with Texas; did not identify BSA as a named or additional insured on its policy with Cayuga County

9

Council BSA Inc, and did not included any service of suit clause or provision in that policy, much less one subjecting Erie and Niagara to jurisdiction in Texas. Orlowski Declaration, App. 03-06; Cartenuto Declaration, App. 01-02).

The Orlowski Declaration also attaches as Exhibit A a copy of the declarations page of the 1997-1998 businessowner's policy it issued to "Cayuga County Council Inc BSA" for its office location in Auburn, New York. Exhibit A to Orlowski Declaration, App. 06. That page does not list BSA as an additional insured or in any other capacity.

### C.    Plaintiff's Opposition to Erie and Niagara's Original Motion to Dismiss

In October 2023 Erie and Niagara joined numerous other insurers (designated the "Undersigned Defendants") in moving to dismiss plaintiff's original complaint on various grounds; Erie and Niagara joined only in the aspect of that motion that sought to dismiss the complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(2). ECF No. 225.

Plaintiff's opposition to that motion included a table entitled "PJ Moving Insurers: Key Known Contact with Texas" that set forth key contacts with Texas for the 24 PJ Moving Insurers. ECF No. 285, TrustApp057-059.

By that table, Plaintiff acknowledged that it found and knew of no contacts with Texas for at least four of the "PJ Moving Insurers", including Erie and Niagara:

### PJ Moving Insurers: Key Known Contacts with Texas

| Defendant | Registered Texas Insurer, per NAIC | Location(s) and/or Agent(s) in Texas[1] | Website Targets and/or Highlights Texans[2] | Invoked &/or Consented to Jurisdiction in Other Texas Case(s)[3] | Entered into Consent Order(s) with Texas Dep't of Insurance[4] |
|---|---|---|---|---|---|
| Consolidated National Ins. Co. | | | | | |
| Erie & Niagara Ins. Ass'n | | | | | |
| Erie Family Life | | | | | |
| Erie Ins. Exchange | | | | | |

ECF No. 285, TrustApp058.

Plaintiff found no contacts, much less key ones, between Erie and Niagara and Texas because there are no such contacts. None. In spite of the Trust knowing this, Erie and Niagara was again named as a defendant in the Plaintiff's FAC. The time to end this action as against Erie and Niagara is now.

## III.    LEGAL STANDARD

### A.    Exercising Personal Jurisdiction Over a Nonresident Defendant

Due process requires only that in order to subject a defendant to a judgment *in personam*, if the defendant is not present within the territory of the forum, it have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff can meet its burden by presenting a prima facie case for personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994) (citation omitted). The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff. *Id.* (citation omitted). In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Stuart*, 772 F.2d at 1192. The court is not required to accept as true conclusory allegations, even if

uncontroverted, in its prima-facie-case analysis. *Panda Brandywine Corporation v. Potomac Electric Power Company*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

A federal district court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that it would be amenable to the jurisdiction of a state court in the same forum. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction. *Id.* Texas's long-arm statute confers jurisdiction to the limits of the federal constitution. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). The court, therefore, need only concern itself with the federal due process inquiry. *Id.*

Due process requires the satisfaction of three elements to exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident defendant could anticipate being haled into the forum state's courts; (2) the claim must arise out of or be related to those activities; and (3) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir.) (citation omitted), cert. denied, 548 U.S. 904 (2006); *see also Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign[.]" *Burger King*, 471 U.S. at 472 (quotation omitted).

To establish minimum contacts with the forum, a nonresident defendant must do some act by which it "purposefully avails itself of the privilege of conducting activities within the forum [s]tate,

thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *Hanson*, 357 U.S. at 253. In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on the defendant's presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of *in personam* jurisdiction may be exercised over a nonresident defendant: specific jurisdiction and general jurisdiction. *Bristol-Myers Squibb Company v. Superior Court of California*, 582 U.S. 255, 262 (2017). Specific jurisdiction exists if the cause of action "arises from or relates to the defendant's contact with the forum state." *Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (internal quotation marks and citations omitted). General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "so continuous and systematic as to render [the nonresident] essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and citations omitted).

Under either a specific or general jurisdiction analysis, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (citation omitted). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the unilateral activity of another party or a third person." Id. at 475 (internal quotation marks and citations omitted). A plaintiff must establish a

substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992).

A court must consider all factors when making the purposeful availment inquiry, as "no single factor, particularly the number of contacts, is determinative." *Stuart*, 772 F.2d at 1192. "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

In all, because Texas's long-arm statute reaches to the constitutional limits, in deciding this motion, this Court must ask, therefore, if exercising personal jurisdiction over Erie and Niagara would offend due process. *Revell,* 317 F.3d at 469–70.

### B.    The Declaratory Judgment Act Does Not Independently Provide Personal Jurisdiction

Although Count One of Plaintiff's FAC seeks a declaratory judgment against all defendants pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that statute is not an independent source of federal jurisdiction. The purpose of that Act is merely to provide an additional remedy, once jurisdiction is found to exist on another ground. *Benson v. State Bd. of Parole and Probation*, 384 F.2d 238, 239 (9th Cir. 1967), cert. denied, 391 U.S. 954 (1968).

## IV.    ARGUMENT

### A.    This Court lacks personal jurisdiction over Erie and Niagara, incorporated and domiciled in New York.

This Court's threshold inquiry mandates dismissal under Rule 12(b)(2) for lack of personal jurisdiction over Erie and Niagara with respect to these claims. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

Under Rule 12(b)(2), a plaintiff bears the burden of establishing personal jurisdiction and must establish a prima facie case of personal jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *see also Seville v. Maersk Line, Ltd.*, No. 21-30636, 2022 WL 17076707, at *2–3 (5th Cir. Nov. 18, 2022).

The threshold "prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *see also First Inv. Corp. of the Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 746 (5th Cir. 2012). And prima facie personal jurisdiction may be overcome if the defendant "present[s] a compelling case that…render[s] jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

The Trustee cannot satisfy the burden of establishing the district court's jurisdiction over this nonresident Defendant. Due process requires the defendant have "certain minimum contacts" with Texas to ensure a suit does "not offend traditional notions of fair play and substantial justice." Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 212 (5th Cir. 2016) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Minimum contacts give rise to either specific or general jurisdiction. See Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994).

### 1.    This Court Lacks Specific Jurisdiction.

Only actions substantially related to the suit can be considered for purposes of personal jurisdiction. See Moncrief Oil Int'l v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007). Here, the Trustee's claims have nothing to do with Erie and Niagara's contact with Texas. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). The Fifth Circuit's three-step analysis to determine if specific personal jurisdiction has been proven condemns its efficacy against this Defendant:

"(1) whether the defendant . . . purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;

(2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

(3) whether the exercise of personal jurisdiction is fair and reasonable."

*E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020) (*citing Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014)). Here, precisely because the Trustee cannot allege Erie and Niagara issued a policy in or insured an injury that occurred in Texas, she cannot meet her burden to establish the first two prongs. So, the burden never shifts to Erie and Niagara to establish the fairness prong. *See Monkton Ins. Servs.*, 768 F.3d at 432–433.

### a.    There was no purposeful direction or availment.

Initially, the Trustee has not plead facts showing Erie and Niagara directed activities toward Texas or could reasonably anticipate being haled into court in Texas. *See Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010). Only the defendant's contacts with the forum are relevant, not the plaintiff's. *See Monkton Ins. Servs.*, 768 F.3d at 432-433. And "random, fortuitous, or attenuated contacts . . ." do not count. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Here, Erie and Niagara could not have "reasonably anticipate[d] being haled into court" in Texas to litigate coverage under a purported policy neither issued nor insured an injury in Texas. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). No facts in the FAC support Erie and Niagara issuing a policy to any council.

The FAC Complaint instead has only vague, conclusory allegations referencing collective "Defendants" who sold policies in Texas that identify BSA as a named insured, and/or policies containing Texas jurisdiction. FAC ¶¶ 93-95.  The Trustee never specifically references Erie and

16

Niagara and does not even allege facts that are too "random, fortuitous, or attenuated" for Erie and Niagara to expect to defend against a lawsuit in Texas. *See McFadin*, 587 F.3d at 759.

Simply put, no minimum contacts are raised.

### b.    The Trustee's claim neither arises out of nor results from contact with Texas.

Second, it follows that the Trustee cannot meet her burden that the cause of action "arises out of or results from" Erie and Niagara's "forum-related contacts." *See Monkton Ins. Servs.*, 768 F.3d at 433. Indeed, the Trustee has not attempted to establish any minimum contacts between Erie and Niagara and Texas.

To the contrary, the Trustee's allegations are a shotgun blast of irrelevant, unsupported conclusions. FAC ¶ 91. She alleges specific personal jurisdiction exists over "Defendants whose policies identify BSA as a named or additional insured…[and] whose policies contain service of suit clauses subjecting them to jurisdiction in Texas." FAC ¶¶ 93-95.

Alleging policies were sold in Texas will not suffice. *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 500 (5th Cir. 2022); *Baird v. Shagdarsuren*, 426 F. Supp. 3d 284, 290 (N.D. Tex. 2019) (no Texas personal jurisdiction on California policy despite "wide-reaching insurance coverage" and an insured event in Texas).

Here, the Trustee does not allege Erie and Niagara issued a policy to BSA—only to Cayuga County Local Council, located in New York.  FAC ¶ 106, Exhibit C (ECF No. 516-3) at 12 of 66.

In sum, Erie and Niagara had no contacts with Texas remotely relevant to this case. When there is no contract, there is no personal jurisdiction in a state foreign to both the insurer's home and nonexistent coverage.

### c.    The exercise of personal jurisdiction is neither fair nor reasonable.

Even if the Trustee could meet her burden for the first two elements, it would not be fair or reasonable to force Erie and Niagara to participate in this litigation from out of state. *See Monkton Ins. Servs.*, 768 F.3d at 433. As a non-Texas resident, Erie and Niagara would be unfairly burdened if subjected to personal jurisdiction here. It is incorporated, headquartered, and has its principal place of business in New York. App. 01-06; FAC ¶ 34.

Accordingly, this Court lacks specific jurisdiction because the Trustee cannot allege Erie and Niagara had minimum contacts with the forum or that the cause of action arises out of or results from Erie and Niagara's forum-related contacts. And exercising personal jurisdiction over a New York corporation for a New York policy would be, by definition, unfair and unreasonable.

### 2. This Court Lacks General Jurisdiction.

General jurisdiction exists when a defendant's contacts with the forum "are so continuous and systematic as to render them essentially at home in the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (emphasis added). "Essentially at home" means the corporate defendant's state of incorporation or the state in which it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. at 137. "A corporation that operates in many places can scarcely be deemed at home in all of them," "[o]therwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* at 139 n.20.

Thus, for any affiliations with Texas to support this Court's general jurisdiction, the Trustee must establish that Erie and Niagara's contacts with Texas "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 761. General jurisdiction does not exist over a New York corporation with its principal place of business in New York. Texas is not Erie and Niagara's de facto home.

And this is not the "exceptional" "incredibly difficult" case of forum operations, other than the paradigmatic ones, that "may be so substantial and of such a nature as to render the corporation as home in that State." *Daimler*, 571 U.S. at 138 n.19; *see also My Fabric Designs, Inc. v. F+W Media, Inc.*, No. 3:17-CV-2112-L, 2018 WL 1138436, at *4 (N.D. Tex. Mar. 2, 2018) ("incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business").

Simply put, the Trustee has not alleged and cannot prove that Erie and Niagara's contacts with Texas justify considering Texas its home. Instead, the Trustee's Amended Complaint generally alleges against all defendants the following:

> [T]his Court has general personal jurisdiction over Defendants to the extent they have made themselves at home in Texas, whether by soliciting and selling policies in Texas, selling policies to and collecting premiums from Texans, insuring persons and property in Texas, targeting Texas customers, entering into consent orders regulating their Texas conduct, suing in Texas courts, or some combination thereof.

FAC ¶ 92.

Finding general jurisdiction over Erie and Niagara based on such generalized allegations about doing business in Texas or with Texans, entering unidentified consent orders regulating Texas conduct, and suing in Texas courts would obviate the Supreme Court's dictate in *Daimler* that an insurance company that operates in many states cannot be "at home" in all of them. 571 U.S. at 139 n.20.

### 3.    The Trustee Has Not Shown That Jurisdictional Discovery Is Warranted.

Even after an opportunity to amend the complaint to add jurisdictional allegations, the Trustee has not met her prima facie burden to establish personal jurisdiction over Erie and Niagara. Yet, in the alternative to dismissal, the Trustee asks the Court to grant "targeted" jurisdictional discovery. See FAC n.4. The request should be denied.

19

The Fifth Circuit recently denied requests for jurisdictional discovery because the court "will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove [] jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021) (*citing Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010)). *Johnson* affirmed the district court's denial of jurisdictional discovery because plaintiff failed to allege specific facts that discovery will prove. *Id.*

Because general allegations are not enough, the Trustee must list the "specific facts" she expects to find vis-a-vis discovery. *See id.* The Trustee's broad allegations as to all Defendants supports neither general nor specific jurisdiction and discovery intended to support those allegations should be denied. FAC n. 4.

In sum, the Trustee has failed to list any "specific facts" related to Erie and Niagara that would support personal jurisdiction in Texas, or jurisdictional discovery.

## V.    CONCLUSION

For the foregoing reasons, Defendant Erie and Niagara Insurance Association respectfully requests the Court to dismiss with prejudice the Plaintiff's claims against Erie and Niagara.

Dated: October 2, 2025                                Respectfully submitted,

/s/ Roy A. Mura
Roy A. Mura, Esq. (pro hac vice)
New York Bar No.
MURA LAW GROUP, PLLC
14 Lafayette Square, Suite 930
Buffalo, New York 14203
Telephone: (716) 855-2800
Telephone: (214) 665-0119
Facsimile: (716) 855-2816
roy.mura@muralaw.com

Kieran W. Leary, Esq.
Texas Bar No. 24108517

TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone: (214) 665-0119
Facsimile: (214) 665-0199
kieranl@tbmmlaw.com