IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ET AL.,<br><br>Defendants. | Case No. 3:23-cv-01592-S |

**DEFENDANT ERIE AND NIAGARA INSURANCE ASSOCIATION'S APPENDIX IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant Erie and Niagara Insurance Association respectfully submits this appendix in support of its Fed. R. of Civ. P. Rule 12(b)(2) motion to dismiss Plaintiff's First Amended Complain complaint for lack of personal jurisdiction:

**APPENDIX**

Declaration of Gina M. Cartenuto ................................................................................................ 1

Declaration of Norman J. Orlowski, Jr. ........................................................................................ 3

    Exhibit A to Orlowski Declaration ................................................................................... 6

Respectfully submitted,

*/s/ Roy A. Mura*
Roy A. Mura (pro hac vice)
New York Bar No. 2112035
MURA LAW GROUP, PLLC
14 Lafayette Square, Suite 930
Buffalo, New York 14203
(716) 855-2800
roy.mura@muralaw.com

Kieran W. Leary, Esq.
Texas Bar No. 24108517
TOLLEFSON BRADLEY MITCHELL
& MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
(214) 665-0119
kieranl@tbmmlaw.com

*Counsel for Defendant
Erie and Niagara Insurance Association*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ECF on all counsel of record for the parties on October 3. 2025.

*/s/ Roy A. Mura*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ET AL.,<br><br>　　　　　　　　　　Defendants. | **DECLARATION**<br><br>Civil Action No.: 3:23-cv-01592-S |

GINA M. CARTENUTO, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the vice president, chief financial officer, and corporate secretary of defendant, ERIE AND NIAGARA INSURANCE ASSOCIATION ("ENIA"), in the above-referenced action. As such, I have personal knowledge of and am competent to testify regarding the matters set forth herein.

2. I make and submit this declaration in support of ENIA's pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss plaintiff's amended complaint as against ENIA based on lack of personal jurisdiction.

3. As part of my roles and responsibilities, I am familiar with the corporate history, structure and records of ENIA. I am also familiar with the place of incorporation, headquarters, and place of business of ENIA.

4. ENIA is incorporated in New York. It operates and has always operated out of only one place of business in New York.

- 1 -
MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

App001

5. This declaration supplements the September 22, 2023 declaration of ENIA's president, Norman J. Orlowski, that was submitted in support of certain defendants' motion to dismiss the plaintiff's original complaint ("the Orlowski Declaration"). Attached hereto as **Exhibit A** is a copy of the Orlowski Declaration and its attached exhibit.

6. The facts averred by the Orlowski Declaration remain true and accurate to this day.

7. With respect to the allegations of paragraph 94 of the amended complaint (ECF No. 516 at page 15), the single ENIA policy issued to local BSA council, Cayuga County Council BSA, for policy period April 5, 1997 to April 5, 1998 ("the ENIA policy") did not identify BSA as a named or additional insured.

8. With respect to the allegations of paragraph 95 of the amended complaint (ECF No. 516 at page 15), the ENIA policy did not contain any service of suit clause, much less one subjecting ENIA to jurisdiction in Texas.

9. No amount of jurisdictional discovery will change the facts that this declaration and the Orlowski declaration aver.

Dated: October 2, 2025

_____
Gina M. Cartenuto

- 2 -
MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

App002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), IN HER CAPACITY AS TRUSTEE OF THE BSA SETTLEMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ET AL.,<br><br>Defendants. | **DECLARATION**<br><br>Civil Action No.: 3:23-cv-01592-S |

NORMAN J. ORLOWSKI, JR., declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the president of defendant, ERIE AND NIAGARA INSURANCE ASSOCIATION ("ENIA"), in the above-referenced action.

2. I make and submit this declaration in support of ENIA's pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss plaintiff's complaint as against ENIA based on lack of personal jurisdiction.

3. I am advised and understand that Plaintiff seeks liability insurance coverage under a policy of insurance alleged to have been issued by ENIA to local BSA council, Cayuga County Council BSA, for policy period April 5, 1997 to April 5, 1998:

| Erie and Niagara Insurance Association | Erie and Niagara Insurance Association | Longhouse (373): Cayuga County 1924-2009 (366) | 56040399 | 4/5/1997 | 4/5/1998 |

(see ECF No. 1-2, at page 12 of 67).

4. Attached as **Exhibit A** is a true and accurate copy of the declarations page for that policy.

- 1 -

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

App003

5. As this Court can see, that policy was issued by a New York insurer to a New York insured to cover a New York risk.

6. I have been employed by ENIA since 1992, initially as its vice president and treasurer and, since 2013, as its president.

7. Given my employment at ENIA since 1992, I am personally knowledgeable of the insurance business ENIA has transacted since that time and to present.

8. Given my employment and roles as various officers of ENIA, I am also knowledgeable from a review of various business records of ENIA of the history of ENIA's business of property and casualty insurance before 1992.

9. I am advised and understand that paragraph 37 of Plaintiff's complaint alleges that "Defendant Erie and Niagara Insurance Association is a New York corporation with its principal place of business in New York." ECF No. 1 at page 8 of 31.

10. I am further advised and understand that paragraph 99 of Plaintiff's complaint alleges that "[t]his Court has personal jurisdiction over each Defendant because each of them is now, or within the time period relevant to the claims asserted herein, or within the time period relevant to the issuance of the Insurance Policies by the Defendants to BSA and/or Local Councils is or has been licensed to do business in Texas; is transacting or has transacted business in Texas; has contracted to insure persons, property, or risks located in Texas; has contractually or otherwise consented to submit to personal jurisdiction in Texas; and/or has other significant contacts with Texas." ECF No. 1 at pages 15-16.

11. I can attest from personal knowledge as the vice president/treasurer and then president of ENIA and my review of the historical business records of ENIA that ENIA:

   a. has always been licensed to do business only in New York;

  b. has never been licensed to do business in Texas;

  c. is transacting and has transacted business only in New York;

  d. is not transacting and has never transacted business in Texas;

  e. has never contracted to insure persons, property, or risks located in Texas;

  f. has never contractually or otherwise consented to submit to personal jurisdiction in Texas; and

  g. has no contacts, much less significant ones, with Texas.

DATED: Buffalo, New York
    September 22, 2023

_____
Norman J. Orlowski, Jr.

- 3 -

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

App005

**THIS POLICY IS ISSUED ON THE CO-OPERATIVE ASSESSMENT PLAN**

Policy Number: 56 04 0399

YOUR BUSINESSOWNER'S POLICY
COVERAGE IN PLAIN LANGUAGE

Declarations:

Insured's Name & Address
CAYUGA COUNTY COUNCIL INC BSA
59-65 GENESEE STREET
AUBURN NY                    13021        AGENCY:
                                          THE WILLIS E KILBORNE AG INC    # 613

Policy Period:    From    04/05/97    to    04/05/98              12:01 a.m. Standard Time

The Described Location covered by this policy is located at the above address, unless otherwise stated.
Number, Street, Town or City, County, State, Zip Code

59-65 GENESEE STREET, AUBURN NY    13021 - CAYUGA CO

This replaces all previously issued policy Declarations, if any. This policy applies only to accidents, occurrences or losses which happen during the policy period shown above. If the policy is written on a continuous basis, each period of one year ending on the annual anniversary date of this policy constitutes a separate policy period.

This policy applies only to those coverages below for which a limit of liability or premium charge is shown. Our limit of liability for each coverage shall be not more than the amount stated for such coverage, subject to all the terms of this policy.

LOCATION # 1    BUILDING # 1

| PROPERTY COVERAGE | COINSURANCE | DEDUCTIBLE | LIMITS |
|---|---|---|---|
| COV. A-BUILDING(S) | NONE | NONE | NONE |
| COV. B-BUSINESS PROPERTY | R/C | $250 | $60,000 |

LIABILITY COVERAGE                              LIMITS OF LIABILITY
COV. L-BODILY INJURY AND PROPERTY DAMAGE
COV. M-PREMISES MEDICAL PAYMENTS                REFER TO FORM LS-10
COV. N-PRODUCTS/COMPLETED OPERATIONS
COV. O-FIRE LEGAL LIABILITY                     FOR LIMITS
COV. P-PERSONAL INJURY & ADVERTISING INJURY

RATING INFORMATION:                CONSTRUCTION: MASONRY
OCCUPANCY:  OFFICE                 FEET FROM FIRE HYDRANT: LESS THAN 1000
PROTECTION: HIGHLY PROTECTED       MILES FROM FIRE DEPT:   LESS THAN 5

SUBJECT TO THE FOLLOWING FORMS AND ENDORSEMENTS:
LS10(1/88)    LS31(6/90)    LS42A(1/88)    LS5(1/88)    MFL10(4/83)
ML430(1/91)   SF10B(1/88)   SF18(7/96)     SF20(1/88)   SF27(1/88)
SF311(1/88)   SF312(1/88)   SF4(1/88)

                                   PREMIUM AT INCEPTION ......  $221.00
                                   N.Y. STATE FIRE FEE .......    $1.29
SUBSEQUENT PAYMENTS WILL BE DUE EACH YEAR BASED ON RATES IN EFFECT AT THAT TIME
MORTGAGEE(S) OR SECURED PARTY:
    - NONE

AGENCY AT MORAVIA NY
5/08/97                            _____
                                   OUR AUTHORIZED REPRESENTATIVE  /  DATE

**Provisions Required by Law to be Stated in this Policy:** -This Company is an Assessment Co-operative Fire Insurance Company having by-laws and special regulations relating to meetings of members, election of directors, rights and obligations of members and liability of members to assessment as printed on the third page hereof.

COMPANY COPY                                                              App006