# EXHIBIT 4



**Allianz**

# Umbrella Liability Policy

THIS POLICY JACKET WITH THE DECLARATIONS PAGE, AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

A.U.I. 0-0033 (5/79)

Subject to Protective Order - Confidential

BSAPolicyEv-00032566

# Allianz Insurance Company [X]

# Allianz Underwriters, Inc. [ ]

(Hereinafter called the Company)

**Allianz**

5900 Wilshire Boulevard
Los Angeles, Calif. 90036

Policy No.  UMB 599346        **Umbrella Liability Policy**

P.O. Address (No., Street, Town, County, State)                    PRODUCER

**Item 1.**
NAMED INSURED

BOY SCOUTS OF AMERICA
NATIONAL, REGIONAL AND ALL LOCAL COUNCILS
P.O. BOX 61030
DALLAS/FT. WORTH AIRPORT, TEXAS  75261

STEWART SMITH EAST, INC.
116 JOHN STREET
NEW YORK, NEW YORK  10038

**Item 2.**  Deposit Premium        $ 225,000.00
Annual Minimum Premium  $ 225,000.00
Rate of Adjustment      FLAT

**Item 3.**  Policy Period: Effective Date  JANUARY 1, 1980
Expiration Date  JANUARY 1, 1981
12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

**Item 4.**  Limits of Liability: The Limits of Liability shall be as stated herein, subject to all the terms of the policy having reference thereto.

$ 5,000,000.    each occurrence
$ 5,000,000.    in the aggregate where applicable

**Item 5.**  Retained Limit        $    10,000.    each occurrence

**Item 6.**  Endorsements:  1)  WATERCRAFT AND/OR AIRCRAFT LIABILITY LIMITATION

2)  ADVERTISERS' LIABILITY - FOLLOW-FORM

3)  INCIDENTAL MALPRACTICE - FOLLOW-FORM

4)  E.R.I.S.A. EXCLUSION

5)  BROAD AS UNDERLYING AMENDATORY ENDORSEMENT

Countersigned by: _W. White_

BB/RG/dhh    Authorized Representative

FEBRUARY 6, 1980
Date

A.U.I. 0-0002 (1/79)                    **ORIGINAL**

Subject to Protective Order - Confidential

BSAPolicyEv-00032567

**Allianz Insurance Company** ☒

**Allianz Underwriters, Inc.** ☐
(Hereinafter called the Company)

**Allianz** ⊕

5900 Wilshire Boulevard
Los Angeles, Calif. 90036

Policy No.   UMB 599346          ## Umbrella Liability Policy

P.O. Address (No., Street, Town, County, State)                    PRODUCER

**Item 1.**
NAMED   Boy Scouts of America
INSURED   National and All Local Councils

Alexander & Alexander, Inc.
1185 Avenue of the Americas
New York, NY  10036

**Item 2.**   Deposit Premium          $  N/A
          Annual Minimum Premium  $  N/A
          Rate of Adjustment       Flat

**Item 3.**   Policy Period: Effective Date   January 1, 1980
                    Expiration Date   January 1, 1981
          12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

**Item 4.**   Limits of Liability: The Limits of Liability shall be as stated herein, subject to all the terms of the policy having reference thereto.

          $ 2,000,000.     each occurrence
          $ 2,000,000.     in the aggregate where applicable

**Item 5.**   Retained Limit          $ 10,000     each occurrence

**Item 6.**   Endorsements:   1)   Watercraft and/or Aircraft Liability Limitation

                    2)   Advertisers' Liability – Follow-Form

                    3)   Incidental Malpractice – Follow-Form

                    4)   E.R.I.S.A. Exclusion

                    5)   Broad as Underlying Amendatory Endorsement

This is a certified copy of the Master Policy issued to the Boy Scouts of America which neither affirmatively nor negatively amends, extends or alters the coverage, limits, terms, or conditions of the Master Policy. Inclusion of more than one named insured does not increase the company's total limit of liability.

Countersigned by:

_____
BB/RG/dhh          Authorized Representative

February 6, 1980
_____
Date

ORIGINAL

Subject to Protective Order - Confidential

## Allianz Underwriters, Inc.
(Hereinafter called the Company)

☐

5900 Wilshire Boulevard
Los Angeles, Calif. 90036

Policy No.    UMB 599346        Umbrella Liability Policy

P.O. Address (No., Street, Town, County, State)                                                    PRODUCER

**Item 1.**
NAMED    BOY SCOUTS OF AMERICA                              STEWART SMITH EAST, INC.
INSURED   NATIONAL, REGIONAL AND ALL LOCAL COUNCILS          116 JOHN STREET
          P.O. BOX 61030                                     NEW YORK, NEW YORK  10038
          DALLAS/FT. WORTH AIRPORT, TEXAS  75261

**Item 2.**  Deposit Premium
             Annual Minimum Premium
             Rate of Adjustment

**Item 3.**  Policy Period: Effective Date    JANUARY 1, 1980
                           Expiration Date    JANUARY 1, 1981
             12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

**Item 4.**  Limits of Liability: The Limits of Liability shall be as stated herein, subject to all the terms of the policy having
             reference thereto.

                          $ 2,000,000.    each occurrence
                          $ 2,000,000.    in the aggregate where applicable

**Item 5.**  Retained Limit        $    10,000.    each occurrence

**Item 6.**  Endorsements:    1)   WATERCRAFT AND/OR AIRCRAFT LIABILITY LIMITATION

                              2)   ADVERTISERS' LIABILITY - FOLLOW-FORM

                              3)   INCIDENTAL MALPRACTICE - FOLLOW-FORM

                              4)   E.R.I.S.A. EXCLUSION

                              5)   BROAD AS UNDERLYING AMENDATORY ENDORSEMENT

Countersigned by:

BB/RG/dhh    Authorized Representative                      FEBRUARY 6, 1980
                                                                   Date

Subject to Protective Order - Confidential

BSAPolicyEv-00032569

 **Allianz** ⊕

## SCHEDULE OF UNDERLYING INSURANCE

Attached to and forming a part of Policy     UMB 599346

Issued to     BOY SCOUTS OF AMERICA

Effective     JANUARY 1, 1980          (12:01 A.M. Standard Time)

| Company and Policy Number | Coverage | Limits |
|---|---|---|
| A.<br><br>VARIOUS | Statutory Workmen's Compensation Employers' Liability | Coverage B—Employer's Liability<br><br>$500,000. EACH ACCIDENT |
| B.<br>INSURANCE COMPANY OF NORTH AMERICA  AND OTHER VARIOUS CARRIERS POLICY NO. T.B.A. | Comprehensive Automobile Liability | BODILY INJURY LIABILITY AND/OR PROPERTY DAMAGE LIABILITY COMBINED SINGLE LIMIT:<br><br>$500,000. EACH OCCURRENCE |
| C.<br>INSURANCE COMPANY OF NORTH AMERICA<br><br>POLICY NO. GLP 706452 | Comprehensive General Liability including Products-Completed Operations Liability, Watercraft Liability, Incidental Medical Malpractice Liability. and Non-owned automobile Liability | BODILY INJURY AND/OR PROPERTY DAMAGE LIABILITY COMBINED SINGLE LIMIT:<br>$500,000. EACH OCCURRENCE<br>$500,000. AGGREGATE,<br>         WHERE APPLICABLE |
| D.<br>SEABOARD SURETY | Advertisers' Liability (National Council) | $1,000,000. EACH OCCURRENCE |
| E.<br>UTICA MUTUAL | Non-owned Aircraft Liability (Local and National) | BODILY INJURY AND/OR PROPERTY DAMAGE LIABILITY COMBINED SINGLE LIMIT:<br>$5,000,000. EACH OCCURRENCE |
| F.<br>U.S.A.I.G. | Airport Liability (National Council Only) | BODILY INJURY AND/OR PROPERTY DAMAGE LIABILITY COMBINED SINGLE LIMIT:<br>$5,000,000. EACH OCCURRENCE<br>$5,000,000. AGGREGATE,<br>         WHERE APPLICABLE |

BB/RG/dhh
2/6/80

A.U.i. 0-0003 (1/79)

Subject to Protective Order - Confidential

The Company agrees with the Named Insured, named in Item 1 of the Declarations made a part hereof, in consideration of the premium and in reliance upon the statements in the Declarations and subject to all terms of this policy, as follows:

## INSURING AGREEMENTS

I. **COVERAGE.** The Company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Insured for all sums which the Insured shall be obligated to pay by the reason of the liability

   A. imposed upon the Insured by law, or

   B. assumed under contract or agreement by the Named Insured,

for damages on account of

   A. Personal Injuries

   B. Property Damage

   C. Advertising Liability,

caused by or arising out of each occurrence anywhere.

II. **LIMITS OF LIABILITY—RETAINED LIMIT.** The Company shall only be liable for the Ultimate Net Loss resulting from any one occurrence in excess of

   A. the limits of the underlying insurance as stated in the attached Schedule of Underlying Insurance (whether collectible or not) and the applicable limits of any other underlying insurance collectible by the Insured, less the amount, if any, by which any aggregate limit of such insurance has been reduced by payment of loss during the period of this policy, or

   B. If the insurance afforded by such underlying insurance is inapplicable to the occurrence, the amount specified in Item 5 of the Declarations as the Retained Limit,

hereinafter called the Underlying Limits.

Regardless of the number of persons and organizations who are Insureds under this policy and regardless of the number of claims made and suits brought against any or all Insureds, the total limit of the Company's liability for Ultimate Net Loss resulting from any one occurrence shall be the occurrence limit specified in Item 4 of the Declarations. The Company's liability shall be further limited to the amount specified as the aggregate limit in Item 4 of the Declarations with respect to Ultimate Net Loss caused by one or more occurrences during each annual period while this policy is in force commencing from its effective date and arising out of any hazard for which an aggregate limit of liability applies in underlying insurance.

If this policy is issued for more than one year, this "aggregate" limit of liability applies separately to each consecutive annual period of this policy or, if the last consecutive period is less than twelve months, to such period of less than twelve months.

In the event of reduction or exhaustion of the aggregate limits of liability applicable to the underlying insurance (listed in the Schedule of Underlying Insurance hereof) by reason of losses paid thereunder, this policy shall, subject to the terms and conditions of the underlying insurance,

   (a) in the event of reduction pay the excess of the reduced underlying limit;

   (b) in the event of exhaustion continue in force as underlying insurance.

For the purpose of determining the limit of the Company's liability, all damages arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence; and with respect to advertising liability and act or series of acts in which the same or similar advertising material is used, regardless of the number or kind of media used, committed during this policy period which causes such advertising injury. All damages involving the same injurious material or act, regardless of the frequency of repetition thereof, the number or kind of media used, or the number of claimants shall be deemed to arise out of one occurrence.

III. **PERSONS OR ENTITIES INSURED.** Each of the following is an insured under this Policy to the extent set forth below:

   (a) The Named Insured;

   (b) with respect to the ownership, maintenance or use, including loading or unloading thereof, of an automobile or watercraft.

      (1) any partner or executive officer of the Named Insured, but with respect to a non-owned automobile, or watercraft only while such automobile, or watercraft is being used in the business of the Named Insured;

      (2) any other person while using an owned automobile, or watercraft or a hired automobile, or watercraft with the permission of the Named Insured, his actual operation or (if he is not operating) his

Page 1

Subject to Protective Order - Confidential

BSAPolicyEv-00032571

other actual use thereof is within the scope of such permission, but with respect to personal injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:

    (i)  a lessee or borrower of the automobile, or watercraft or

    (ii)  an employee of the Named Insured or such lessee or borrower;

    (3)  except with respect to watercraft, any other person or organization but only with respect to his or its liability because of acts or omissions of the Named Insured or any insured under (1) or (2) above.

(c)  with respect to any aircraft chartered with pilot by or on behalf of the Named Insured, any person using such aircraft and any person legally responsible for the use thereof, except

    (1)  the owner, pilot or aircrew thereof or any person operating the aircraft;

    (2)  any manufacturer of aircraft, engines, or aviation accessories, or any aviation sales or service or repair organization or airport or hangar operator or their respective employees or agents with respect to any occurrence arising out of the operation thereof;

(d)  except with respect to ownership, maintenance or use, including the loading or unloading thereof, of an automobile, aircraft or watercraft

    (1)  any executive officer, other employee, director or stockholder of the Named Insured while acting within the scope of his duties as such, and

    (2)  if the Named Insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any member thereof but only with respect to his liability as such, and

    (3)  any person or organization while acting as real estate manager for the Named Insured;

(e)  any person or organization to whom the Named Insured is obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the Named Insured or to facilities of or used by the Named Insured;

None of the following is an insured under sub-paragraphs (b), (c), or (d)

(i)  any person while engaged in the business of his employer with respect to personal injury to any fellow employee of such person injured in the course of his employment or property damage to property owned by the Named Insured;

(ii)  any owner or lessee (of whom the Named Insured is a sub-lessee) of a hired automobile, aircraft, or watercraft, or any agent or employee of such owner or lessee;

(iii)  any person or organization other than the Named Insured, with respect to

    (1)  a motor vehicle while used with any trailer owned or hired by such person or organization and not covered by like insurance in the company (except a trailer designed for use with a private passenger type automobile and not being used for business purposes with another type motor vehicle), or

    (2)  a trailer while used with any motor vehicle not covered by like insurance in the company;

(iv)  any person or organization while employed in or otherwise engaged in duties in connection with an automobile or watercraft business (other than such a business operated by the Named Insured).

If the Named Insured is designated in the Declarations as an individual, the person so designated shall be an insured in accordance with sub-paragraphs (b), (c), or (d), but only with respect to the conduct of a business of which he is the sole proprietor.

The term "Insured" shall include any additional Insured (not being the Named Insured hereunder) named in the underlying insurance listed in Schedule of Underlying Insurance hereof, but not for broader coverage than is available to such additional insured thereunder.

This policy does not apply to personal injury, property damage or advertising liability arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not named in Item 1 of the Declarations.

The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Company's liability. The "Named Insured" means the person or organization named in the Declarations and includes any subsidiary thereof and any other organization coming under the Named Insured's control of which it assumes active management.

IV.  **POLICY PERIOD, TERRITORY.** This Policy applies to personal injury, property damage or advertising liability which occurs anywhere during the policy period.

Subject to Protective Order - Confidential

BSAPolicyEv-00032572

# EXCLUSIONS

**THIS POLICY SHALL NOT APPLY:**

A. to any obligation for which the Insured or any company as its insurer may be held liable under any workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law provided, however, that this exclusion does not apply to liability of others assumed by the Named Insured under contract or agreement;

B. to Personal Injury, Property Damage or Advertising Liability arising out of the conduct of

(1) an individual, with respect to the conduct of a business of which he is not the sole proprietor;

(2) any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured;

C. to property damage to

(1) property owned by the Insured,

(2) the Named Insured's products arising out of such products or any part of such products,

(3) work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

D. to personal injury or property damage resulting from the failure of the Insured's products or work completed by or for the Insured to perform the function or serve the purpose intended by the Insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any Insured, but this exclusion does not apply to bodily injury or property damage resulting from the active malfunctioning of such products or work;

E. to damages claimed for the withdrawal, inspection, repair, replacement or loss of use of the Insured's products or work completed by or for the Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

F. to damages arising out of a claim by a Named Insured against another Named Insured hereunder for property rented to, used by, or property in the care, custody or control of the other Named Insured or as to which the other Named Insured is for any purpose exercising physical control when the Named Insured is the owner or lessee of the property;

G. with respect to advertising liability, to claims made against the Insured for

1. failure of performance of contract, but this shall not relate to claims for unauthorized appropriation of ideas based upon alleged breach of an implied contract;

2. infringement of registered trade marks, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, but this shall not relate to titles or slogans;

3. incorrect description of any article or commodity;

4. mistake in advertised price;

H. except in respect of occurrences taking place in the United States of America, its territories or possessions, or Canada, to any liability of the Insured directly or indirectly occasioned by, happening through or in consequence of war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalization or requisition or destruction of or damage to property by or under the order of any government or public or local authority;

I. to any liability arising out of the violation of any statute, law, ordinance or regulation prohibiting discrimination or humiliation because of race, creed, sex, color or national origin;

J. to Personal Injury or Property Damage arising out of Aircraft Products and/or all sums which any Insured shall become legally obligated to pay as damages resulting in or from Grounding of any Aircraft;

K. to Personal Injury or Property Damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

L. to any Liability arising out of any statute, law, ordinance or regulation regarding requirements for uninsured motorist liability;

M. 1. under any liability coverage, to injury, sickness, disease, death or destruction:

a. with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

b. resulting from the hazardous properties of nuclear material and with respect to which

Page 3

Subject to Protective Order - Confidential

BSAPolicyEv-00032573

(1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or

(2) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization;

2. under any medical payments coverage, or under any supplementary payments provision relating to immediate medical or surgical relief to expenses incurred with respect to bodily injury, sickness, disease or death resulting from hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

3. under any liability coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

a. the nuclear material

(1) is at any nuclear facility owned or operated by or on behalf of, an Insured or

(2) has been discharged or dispensed therefrom;

b. the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

c. the injury, sickness, disease, death, or destruction arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

4. As used in this policy,

a. "hazardous properties" include radioactive, toxic or explosive properties;

b. "nuclear material" means source material, special nuclear material or byproduct material;

c. "source material", "special nuclear material" and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

d. "spent fuel" means any fuel element or fuel component, solid or liquid which has

be used or exposed to radiation in a nuclear reactor;

e. "waste" means any waste material

(1) containing byproduct material and

(2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (f.1.) or (f.2.) thereof;

f. "nuclear facility" means

(1) any nuclear reactor,

(2) any equipment or device designed or used for

(a) separating the isotopes of uranium or plutonium,

(b) processing or utilizing spent fuel, or

(c) handling, processing or packaging waste,

(3) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(4) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

g. "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

h. with respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

Except insofar as coverage is available to the Insured under the underlying insurances, set out in the attached schedule, this policy shall not apply

N. to the liability of any Insured hereunder for assault and battery committed by or at the direction of such Insured except liability for Personal Injuries resulting from any act alleged to be assault and battery committed for the purpose of preventing or eliminating danger in the Operation of Aircraft, or for the purpose of preventing Personal Injuries or Property Damage; provided, however, that this exclusion shall not apply to the liability of the Named Insured for Personal Injury to their employees, unless such liability is already excluded under Exclusion A above;

Page 4

Subject to Protective Order - Confidential

BSAPolicyEv-00032574

O. with respect to any aircraft which is owned, non-owned, hired or temporary substitute in whole or in part, by any Insured; however, this exclusion shall not apply to the liability of the Named Insured for personal injury to their employees, unless such liability is already excluded under Exclusion A above;

P. with respect to any watercraft which is owned by any Insured and away from premises owned, rented or controlled by an Insured; however, this exclusion shall not apply to the liability of the Named Insured for Personal Injury to their employees, unless such liability is already excluded under Exclusion A above;

Q. to any employee with respect to injury to or the death of another employee of the same employer injured in the course of such employment;

R. to punitive or exemplary damages awarded against any insured.

---

## DEFINITIONS

---

The following Definitions shall apply whenever the term is used in this policy (including endorsements forming a part thereof).

I. **ADVERTISING OFFENSE.**

   (1) Libel, Slander or defamation;

   (2) Any infringement of copyright, title or slogan;

   (3) Piracy or unfair competition or idea misappropriation under an implied contract;

   (4) Any invasion of right of privacy;
   committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Insured's advertising activities.

II. **AIRCRAFT.** Any heavier than air or lighter than air aircraft designed to transport persons or property.

III. **AUTOMOBILE.** Means a land motor vehicle, trailer or semi-trailer (including any machinery or apparatus attached thereto).

IV. **AUTOMOBILE OR WATERCRAFT BUSINESS.** Means the business or occupation of selling, repairing, servicing, storing or parking automobiles or watercraft.

V. **BODILY INJURY.** Means bodily injury, sickness or disease, including death and care and loss of services resulting therefrom sustained by any person.

VI. **COMPLETED OPERATIONS HAZARD.** The term "Completed Operations Hazard" includes personal injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage occurs away from premises owned by or rented to the Insured. "Operations" include materials, parts or equipment furnished in connection therewith.

   Operations shall be deemed completed at the earliest of the following times:

   (a) when all operations to be performed by or on behalf of the Insured at the site of the operations have been completed, or

   (b) when all operations to be performed by or on behalf of the Insured under the contract have been completed, or

   (c) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete shall be deemed completed.

The completed operations hazard does not include personal injury or property damage arising out of

   (1) operations in connection with the transportation of property, unless the personal injury or property damage arises out of condition in or on a vehicle created by the loading or unloading thereof,

   (2) the existence of tools, uninstalled equipment or abandoned or unused materials.

VII. **DAMAGES.** The term "Damages" includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage.

VIII. **NAMED INSURED'S PRODUCTS.** The term "Named Insured's Products" means goods or products manufactured, sold, handled or distributed by the Insured or by others trading under his name, including any container thereof (other than a vehicle) but "Insured's Products" shall not include a vending machine or any property other than such a container, rented to or located for use of others but not sold.

IX. **OCCURRENCE.** The term "Occurrence" means an accident, including injurious exposure to conditions, which results during the policy period, in personal injury, property damage or advertising liability neither expected nor intended from the standpoint of the Insured.

X. **PERSONAL INJURY.**

   (1) Means bodily injury, shock, mental injury or mental anguish;

   (2) false arrest, detention or imprisonment, wrongful entry or eviction or other invasion of private occupancy, malicious prosecution or humiliation; except that maliciously inflicted by, at the direction of, or with the consent of the Insured;

Page 5

Subject to Protective Order - Confidential

BSAPolicyEv-00032575

(3) the publication or utterance of a libel or slander or other defamatory or disparaging material, or publication or utterance in violation of an individual's right of privacy; except that maliciously published or uttered by, at the direction of or with the consent of the Insured and except that contained in any advertisement, publicity article, broadcast or telecast and arising out of any Insured's advertising activities;

(4) discrimination except that committed by, at the direction of or with the consent of the Insured.

XI. **PRODUCTS HAZARD.** The term "Products Hazard" includes personal injury and property damage arising out of the Insured's products or reliance upon a representation of warranty made at any time with respect thereto, but only if the personal injury or property damage occurs away from premises owned by or rented to the Insured and after physical possession of such products has been relinquished to others.

XII. **PROPERTY DAMAGE.** The term "Property Damage" means injury to or destruction of tangible property including loss of use thereof or resulting therefrom.

XIII. **ULTIMATE NET LOSS.** Means the sums paid as damages in settlement of a claim or in satisfaction of a judgment for which the Insured is legally liable after making deductions for all other recoveries, salvages and other insurances (whether recoverable or not) other than the underlying insurance and excess insurance purchased specifically to be in excess of this policy and also includes investigation, adjustment, appraisal, appeal and defense costs paid or incurred by the Insured with respect to damages covered hereunder. "Ultimate net loss" does not include (a) costs and expenses which an underlying insurer has paid or incurred or is obligated to pay to or on behalf of the Insured, (b) office costs and expenses of employees of the Insured or (c) general retainer fees of counsel retained by the Insured.

XIV. **UNDERLYING INSURANCE.** Means the insurance policies listed in the Schedule of Underlying Insurance including any renewal or replacement of such contracts, and also includes the insurance policies not listed in the Schedule of Underlying Insurance for which notice has been given to the company pursuant to the policy condition entitled "Underlying Insurance—Changes or Additional Coverages during this Policy Period".

---

# CONDITIONS

---

A. **PREMIUM.** Unless otherwise provided for, the premium for this policy is a flat premium and is not subject to adjustment except as provided in Conditions B and P.

B. **ADDITIONAL INSURED.** In the event of additional insureds being added to the coverage under the Underlying Insurance prompt notice shall be given to the Company and if an additional premium has been charged for such addition on the Underlying Insurance, the Company shall be entitled to charge an appropriate additional premium hereon.

C. **ARBITRATION.** Except with respect to liability assumed by the Insured under a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement or elevator or escalator maintenance agreement, the Company shall not be liable under this policy for damages awarded in arbitration other than an arbitration proceeding wherein an indemnity under a written contract or agreement seeks damages against the Insured on account thereof and wherein the Company is entitled to exercise the Insured's rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

D. **SPECIAL CONDITIONS APPLICABLE TO OCCUPATIONAL DISEASE.** As regards personal injury by occupational disease sustained by any employee of the Insured, this policy is subject to the same warranties, terms and conditions (except as regards the premium, the amount and limits of liability and the renewal agreement (if any), as are contained in or as may be added to the Underlying

Insurance prior to the happening of an occurrence for which claim is made hereunder.

E. **INSPECTION AND AUDIT.** The Company shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe.

F. **CROSS LIABILITY.** Except with respect to liability assumed by the Insured under Contract, the term "Insured" is used severally and not collectively, but the inclusion in this policy of more than one Insured shall not operate to increase the limits of the Company's liability.

G. **NOTICE OF OCCURRENCE.** Whenever the Insured has information from which the Insured may reasonably conclude that an occurrence covered hereunder involves injuries or damages which in the event that the Insured should be liable, are likely to involve this policy, notice shall be sent to the Company as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this policy but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claims.

H. **ASSISTANCE AND COOPERATION.** Except as provided in Insuring Agreement H with respect to the exhaustion of the aggregate limits of underlying

Page 6

Subject to Protective Order - Confidential

BSAPolicyEv-00032576

policies listed in the Schedule of Underlying Insurance, the Company shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Insured but the Company shall have the right and shall be given the opportunity to associate with the Insured or the Insured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to any occurrence where the claim or suit involves, or appears reasonably likely to involve the Company, in which event the Insured and the Company shall cooperate in all things in the defense of such claim, suit or proceeding.

I. **APPEALS.** In the event the Insured or the Insured's underlying insurers elect not to appeal a judgment in excess of the Underlying Limits, the Company may elect to make such appeal at its cost and expense, and shall be liable for the taxable costs and disbursements and interest incidental thereto, but in no event shall the liability of the Company for ultimate net loss exceed the amount set forth in Insuring Agreement II for any one occurrence and in addition the cost and expense of such appeal.

J. **LOSS PAYABLE.** Liability under this policy with respect to any occurrence shall not attach unless and until the Insured, or the Insured's underlying insurer, shall have paid the amount of the Underlying Limits on account of such occurrence. The Insured shall make a definite claim for any loss for which the Company may be liable under the policy within twelve (12) months after the Insured shall have paid an amount of ultimate net loss in excess of the amount carried by the Insured or after the Insured's liability shall have been fixed and rendered certain either by final judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company. If any subsequent payments shall be made by the Insured on account of the same occurrence, additional claims shall be made similarly from time to time. Such losses shall be due and payable within thirty (30) days after they are respectively claimed and proven in conformity with this policy.

K. **BANKRUPTCY AND INSOLVENCY.** In the event of the bankruptcy or insolvency of the Insured or any entity compromising the Insured, the Company shall not be relieved thereby of the payment of any claims hereunder because of such bankruptcy or insolvency.

L. **OTHER INSURANCE.** If other valid and collectible insurance with any other insurer is available to the Insured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

M. **SUBROGATION.** Inasmuch as this policy is "Excess Coverage" the Insured's right of recovery against any person or other entity cannot be exclusively subrogated to the Company. It is, therefore, understood and agreed that in the case of any payment hereunder, the Company will act in concert with all other interests (including the Insured) concerned, in the exercise of such rights of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any interests (including the Insured) that shall have paid an amount over and above any payment hereunder, shall first be reimbursed up to the amount paid by them; the Company is then to be reimbursed out of any balance then remaining up to the amount paid hereunder; lastly, the interests (including the Insured) of whom this coverage is in excess are entitled to claim the residue, if any, expenses necessary to the recovery of any such amounts shall be apportioned between the interests (including the Insured) concerned, in the ratio of their respective recoveries as finally settled.

N. **CHANGES.** Notice to or knowledge possessed by any person shall not affect a waiver or change in any part of this policy nor stop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by the Company.

O. **ASSIGNMENT.** Assignment of interest under this policy shall not bind the Company unless and until its consent is endorsed hereon.

P. **CANCELLATION.** This policy may be cancelled by the Named Insured by surrender thereof to the Company or its representatives or by mailing to the Company or its representatives written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company or its representatives by sending by registered mail notice to the Named Insured stating when, not less than thirty (30) days thereafter, cancellation shall be effective. The mailing of notice as aforesaid by the Company or its representatives to the Named Insured at the address shown in this policy shall be sufficient proof of notice, and the insurance under this policy shall end on the effective date and hour of cancellation stated in the notice. Delivery of such written notice either by the Named Insured or by the Company or its respective representatives shall be equivalent to mailing.

It is agreed that irrespective of any other items or conditions contained in this policy or endorsements attached thereto, this policy may be cancelled by the Company or its representatives for non-payment of any unpaid portion of the premium by delivering to the Named Insured or by sending to the Named Insured by registered mail, at the Named Insured's address as shown herein, not less than ten (10) days' written notice stating when the cancellation shall be effective.

If this policy shall be cancelled by the Named Insured the Company shall retain the customary short rate proportion of the premium for the period this policy has been in force. If this policy shall be cancelled by the Company the Company shall

Page 7

Subject to Protective Order - Confidential

BSAPolicyEv-00032577

retain the pro rata proportion the premium for the period this policy has been in force. Notice of cancellation by the Company shall be effective even though the Company makes no payment or tender of return premium with such notice.

Q. **MAINTENANCE OF UNDERLYING INSURANCE.** It is warranted by the Insured that the Schedule of Underlying Insurance or renewals or replacements thereof not more restricted, shall be maintained in force as collectible insurance during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of occurrences happening during the period of this policy. In the event of failure by the insured so to maintain such policies or to meet all conditions and warranties subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force.

R. **UNDERLYING INSURANCE—CHANGES OR ADDITIONAL COVERAGES DURING THIS POLICY PERIOD.** The Insured shall immediately report to the Company any change in coverage in the underlying insurance or the purchase of insurance for perils previously uninsured by underlying insurance. Such report shall include a description of the coverage afforded and a complete description of the limits of liability thereunder and such insurance shall be deemed a part of the Schedule of Underlying Insurance. The Insured shall upon request furnish the Company with exact copies of such change or such additional insurance. Any material change in the premium for the underlying insurance shall be promptly reported to the Company and the premium for this policy may be adjusted in accordance with the manuals of the Company then in effect.

S. **EMPLOYERS' LIABILITY — COMMON LAW DEFENSES.** As a condition to the recovery of any loss under this policy, with respect to personal injury to or the death of any employee arising out of and in the course of employment by the Named Insured, the Named Insured warrants that it has not and will not abrogate its Common Law Defenses under any Workmen's Compensation Law. In the event the Named Insured should, at any time during the policy period, abrogate such defenses, such insurance as is afforded by Coverage I. with respect to such employees shall automatically terminate at the same time.

T. **ACTION AGAINST COMPANY.** No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the insured to determine the Insured's liability.

U. **DECLARATIONS.** By acceptance of this policy the Named Insured agrees that the statements in the application and the declarations, and in any subsequent notice relating to underlying insurance are its agreements and representations that this policy is issued and continued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the Named Insured and the Company or any of its agents relating to this insurance.

Page 8

Subject to Protective Order - Confidential

BSAPolicyEv-00032578

## CONFIRMATION OF INSURANCE

To:  Ken Lennon
Alexander & Alexander
1185 Avenue of the Americas
New York, New York  10036

No. __79-12-15-09 A__

__January 2, 1980__
(Date)

We confirm that acting upon your instructions and for your account we have procured insurance, subject to all of the terms and conditions hereinafter stated, from the Insurer(s) listed below, as follows:

INSURED:  BOY SCOUTS OF AMERICA, ETAL

P. O. ADDRESS:  Route A. North Brunswick, New Jersey  08902

COVERAGE:  Excess Umbrella Liability, subject to following conditions
1) Excluding ERISA
2) Following Form Watercraft
3) Following Form Aircraft, Advertisers Liability and Incidental Medical Malpractice.
4) Broad as Primary endorsement amended in part to include above conditions (1 & 2)

LIMIT OR AMOUNT:  $5,000,000 Excess of Primary Insurance and $10,000 Self Insured Retention.

PREMIUM:  $225,000.00 Annualy.

TERM OF INSURANCE:  One Year.

INSURER(S):  Allianz Insurance Company

EFFECTIVE DATE:  January 1, 1980

CANCELLATION: This insurance may be cancelled on         5         days notice by either the Insured or the Insurer(s) through us. Notice of cancellation shall be deemed given by the Insurer(s) when given by us to the Insured or its representative and shall be deemed given to the Insurer(s) when given to us by the Insured or its representative. In the event of cancellation of this insurance, the Insurer(s) shall be entitled to the premium earned on a short rate basis if cancelled by the Insured and a pro rata basis if cancelled by the Insurer(s).

This insurance is subject to all of the terms and conditions of the Cover Note, Certificate of Insurance and/or Policy which may be issued. This confirmation shall be automatically terminated and voided by delivery of the Cover Note, Certificate of Insurance or Policy to the Insured or its representative.

STEWART SMITH EAST, INC.
116 John Street,
New York, New York

BY _William O'Sullivan_

William O'Sullivan

SS E 100 (Rev. 5/72)

Subject to Protective Order - Confidential



**Allianz ⊛**

# Umbrella Liability Policy

THIS POLICY JACKET WITH THE DECLARATIONS PAGE, AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

A.U.L. G-0033 (5/79)

Subject to Protective Order - Confidential

BSAPolicyEv-00032580

ENDORSEMENT

## WATERCRAFT AND/OR AIRCRAFT LIABILITY
### LIMITATION

IT IS AGREED THAT THIS POLICY DOES NOT APPLY TO ANY LIABILITY
ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OPERATION, USE,
LOADING OR UNLOADING OF ANY WATERCRAFT AND/OR AIRCRAFT,
UNLESS SUCH LIABILITY IS COVERED BY VALID AND COLLECTIBLE
UNDERLYING INSURANCE AS LISTED IN THE SCHEDULE OF UNDERLYING
INSURANCE, AND THEN ONLY FOR SUCH HAZARDS FOR WHICH COVERAGE
IS AFFORDED UNDER SAID UNDERLYING INSURANCE.

All other terms and conditions of this Policy remain unchanged.

Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

of ALLIANZ INSURANCE COMPANY

Issued to BOY SCOUTS OF AMERICA

Endorsement No. 1.
BB/RG/dhh
2/6/80

Subject to Protective Order - Confidential

BSAPolicyEv-00032581

ENDORSEMENT

ADVERTISERS' LIABILITY

(FOLLOWING-FORM)


IT IS AGREED THAT WITH RESPECT TO THE INSURED'S ADVERTISING ACTIVITIES, THIS POLICY DOES NOT APPLY TO ANY LIABILITY ARISING OUT OF INFRINGEMENT OF COPYRIGHT OR OF TITLE OR OF SLOGAN, PIRACY OR UNFAIR COMPETITION OR IDEA MISAPPROPRIATION UNDER AN IMPLIED CONTRACT OR INVASION OF RIGHTS OF PRIVACY, UNLESS SUCH LIABILITY IS COVERED BY VALID AND COLLECTIBLE UNDERLYING INSURANCE AS LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE, AND THEN ONLY FOR SUCH HAZARDS FOR WHICH COVERAGE IS AFFORDED UNDER SAID UNDERLYING INSURANCE.


All other terms and conditions of this Policy remain unchanged.

Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

of ALLIANZ INSURANCE COMPANY

Issued to BOY SCOUTS OF AMERICA

Endorsement No. 2.
BB/RG/dhh
2/6/80

Subject to Protective Order - Confidential

BSAPolicyEv-00032582

ENDORSEMENT

INCIDENTAL MALPRACTICE

(FOLLOWING-FORM)

IT IS AGREED THAT THIS POLICY DOES NOT APPLY TO ANY LIABILITY FOR INJURY ARISING OUT OF THE RENDERING OF OR FAILURE TO RENDER, DURING THE POLICY PERIOD, THE FOLLOWING PROFESSIONAL SERVICES:

(A)  MEDICAL, SURGICAL, DENTAL OR NURSING TREATMENT TO SUCH PERSON OR THE PERSON INFLICTING THE INJURY, INCLUDING THE FURNISHING OF FOOD AND BEVERAGES IN CONNECTION THEREWITH,

(B)  FURNISHING OR DISPENSING DRUGS OR MEDICAL, DENTAL OR SURGICAL SUPPLIES OR APPLIANCES IF THE INJURY OCCURS AFTER THE NAMED INSURED HAS RELINQUISHED POSSESSION THEREOF TO OTHERS;

UNLESS SUCH LIABILITY IS COVERED BY VALID AND COLLECTIBLE PROFESSIONAL LIABILITY INSURANCE, AS LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE, AND THEN ONLY FOR SUCH HAZARDS FOR WHICH COVERAGE IS AFFORDED UNDER SAID UNDERLYING INSURANCE.

All other terms and conditions of this Policy remain unchanged.

Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346.

of  ALLIANZ INSURANCE COMPANY

Issued to  BOY SCOUTS OF AMERICA

Endorsement No.  3.
BB/RG/dhh
2/6/80

Subject to Protective Order - Confidential

ENDORSEMENT

EMPLOYEE RETIREMENT INCOME SECURITY ACT

(E.R.I.S.A.)

EXCLUSION ENDORSEMENT

IT IS AGREED THAT THE INSURANCE AFFORDED BY THIS POLICY DOES NOT APPLY WITH RESPECT TO ANY CLAIM OR CLAIMS MADE AGAINST ANY OF THE INSUREDS ARISING OUT OF ANY VIOLATION, ACT, ERROR, OMISSION OR BREACH OF DUTY BROUGHT ABOUT AS A RESULT OF ANY RESPONSIBILITIES, DUTIES OR OBLIGATIONS IMPOSED UPON FIDUCIARIES BY THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (PUBLIC LAW 93-406), COMMONLY REFERRED TO AS THE PENSION REFORM ACT OF 1974, AND AMENDMENTS THERETO, OR SIMILAR PROVISIONS OF ANY FEDERAL, STATE OR LOCAL STATUTORY LAW OR COMMON LAW.

All other terms and conditions of this Policy remain unchanged.

Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

of ALLIANZ INSURANCE COMPANY

Issued to BOY SCOUTS OF AMERICA

Endorsement No. 4.
BB/RG/dhh
2/6/80

Subject to Protective Order - Confidential

BSAPolicyEv-00032584

ENDORSEMENT

## BROAD AS UNDERLYING AMENDATORY

### ENDORSEMENT

IT IS HEREBY UNDERSTOOD AND AGREED THAT, DESPITE ANYTHING CONTAINED HEREIN TO THE CONTRARY, WHERE UNDERLYING INSURANCE, AS DESCRIBED IN THE SCHEDULE OF UNDERLYING INSURANCE ATTACHED TO THIS POLICY, PROVIDES GREATER PROTECTION OR INDEMNITY TO THE INSURED THAN THE TERMS AND CONDITIONS OF THIS POLICY, THIS INSURANCE SHALL INDEMNIFY THE INSURED UPON THE SAME TERMS, CONDITIONS AND COVERAGES WHICH APPLY TO THE BASIC UNDERLYING INSURANCE, EXCEPT AS RESPECTS THE ATTACHED CONDITIONS AND ENDORSEMENTS.

WHERE NO SUCH BROADER UNDERLYING INSURANCE EXISTS, THIS POLICY WILL PAY ON BEHALF OF THE INSURED, UPON TERMS AND CONDITIONS AND LIMITATIONS OF THE ATTACHED UMBRELLA FORM.

All other terms and conditions of this Policy remain unchanged.

Effective JANUARY 1, 1980 this endorsement forms part of Policy Number UMB 599346

of ALLIANZ INSURANCE COMPANY

Issued to BOY SCOUTS OF AMERICA

Endorsement No. 5.
BB/RG/dhh
2/6/80

# ENDORSEMENT
## NO. __6__

*Assured*
 Detroit Area Council #262
 Boy Scouts of America

Risk

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$   5,000,000       Each Occurrence

$   5,000,000       In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*   UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

Subject to Protective Order - Confidential

BSAPolicyEv-00032586

# ENDORSEMENT
### NO. ___6___

*Assured*
Pinellas Area Council #89
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 4,000,000    Each Occurrence

$ 4,000,000    In the Aggregate where applicable

*Date*    1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032587

# ENDORSEMENT

NO. __6__

*Assured*

Lewiston Trail Council #385
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 3,000,000     Each Occurrence

$ 3,000,000     In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1501 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032588

# ENDORSEMENT
## NO. __6__

*Assured*
 Tidewater Council #596
 Boy Scouts of America

*Risk*

 Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 5,000,000    Each Occurrence

$ 5,000,000    In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and affect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H. INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032589

# ENDORSEMENT

## NO. ___6___

*Assured*

Sullivan Trail Council #375
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$  4,000,000     Each Occurrence

$  4,000,000     In the Aggregate where applicable

*Date*    1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*   UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032590

# ENDORSEMENT
## NO. __6__

*Assured*
Indian Head Council #295
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 4,000,000      Each Occurrence

$ 4,000,000      In the Aggregate where applicable

*Date*    1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032591

# ENDORSEMENT
## NO. ___6___

*Assured*
Otetiana Council #397
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 4,000,000        Each Occurrence

$ 4,000,000        In the Aggregate where applicable

*Date*    1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.* UMB 599346    Allianz Insurance Company

# Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1801 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032592

# ENDORSEMENT
## NO. ___6___

*Assured*
Great Western Council #51
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 3,000,000    Each Occurrence

$ 3,000,000    In the Aggregate where applicable

*Date*    1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*    UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & M., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032593

# ENDORSEMENT
## NO. ___6___

*Assured*

San Gabriel Valley Council #40
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  5,000,000        Each Occurrence

$  5,000,000        In the Aggregate where applicable

*Date*    1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

# Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

# ENDORSEMENT

## NO. 6

*Assured*

Bluewater Council #277
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 4,000,000     Each Occurrence

$ 4,000,000     In the Aggregate where applicable

*Date*    1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*    UMB 599346    Allianz Insurance Company

# Alexander & Alexander, Incorporated

### 1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

### 212-575-8000

FORM 1801 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032595

# ENDORSEMENT
## NO. __6__

*Assured*

Nassau County #386
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

# Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032596

# ENDORSEMENT

NO. ___6___

*Assured*
Chicago Area Council #118
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  4,000,000      Each Occurrence


$  4,000,000      In the Aggregate where applicable

*Date*    1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

# Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032597

# ENDORSEMENT
## NO. __6__

*Assured*

Alemeda Council #22
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*     1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.* UMB 599346     Allianz Insurance Company

# Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK. N.Y. 10036

212-575-8000

FORM 1801 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032598

# ENDORSEMENT
## NO. __6__

*Assured*
Los Angeles Area Council #33
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1301 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032599

# ENDORSEMENT

NO. ___6___

*Assured*

Fairfield County Council #68
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$  4,000,000      Each Occurrence

$  4,000,000      In the Aggregate where applicable

*Date*  1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1801 K. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032600

# ENDORSEMENT
## NO. __6__

*Assured*
Westchester-Putnam Council #388
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$ 4,000,000     Each Occurrence

$ 4,000,000     In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1801 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032601

# ENDORSEMENT

## NO. ___6___

*Assured*
Greater New York Councils #640
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 3,000,000     Each Occurrence

$ 3,000,000     In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H.. INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032602

# ENDORSEMENT
## NO. __6__

*Assured*

Verdugo Hills Council #58
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$  4,000,000    Each Occurrence

$  4,000,000    In the Aggregate where applicable

*Date*    1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032603

# ENDORSEMENT
## NO. __6__

*Assured*

Three Rivers Council #578
Boy Scouts of America

*Risk*

Umbrella Liability

      In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

      LIMIT OF LIABILITY:

          $  5,000,000        Each Occurrence

          $  5,000,000        In the Aggregate where applicable

*Date*   1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032604

# ENDORSEMENT

NO. __6__

*Assured*

Chief Seattle Council #609
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$  3,000,000      Each Occurrence

$  3,000,000      In the Aggregate where applicable

*Date*   1/1/80

This Policy in all other respects remaining unchanged and in full force and effect.

*Attached to and made a part of Policy No.* UMB 599346   Allianz Insurance Company

## Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032605

# ENDORSEMENT
## NO. __6__

*Assured*

Crossroads of America Council #160
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is
hereby understood and agreed that item #4 of the Declarations
Page, Limits of Liability, are understood in part to read
as follows:

LIMIT OF LIABILITY:

$  5,000,000     Each Occurrence

$  5,000,000     In the Aggregate where applicable

*Date*    1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

## Alexander & Alexander, Incorporated

**1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036**

**212-575-8000**

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032606

# ENDORSEMENT

## NO. __6__

*Assured*
Great Trails Council #433
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 5,000,000    Each Occurrence

$ 5,000,000    In the Aggregate where applicable

*Date*    1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346    Allianz Insurance Company

# Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032607

# ENDORSEMENT
## NO. ___6___

*Assured*

Cherokee Area Council #469
Boy Scouts of America

*Risk*

Umbrella Liability

In consideration of an additional premium charged, it is hereby understood and agreed that item #4 of the Declarations Page, Limits of Liability, are understood in part to read as follows:

LIMIT OF LIABILITY:

$ 5,000,000     Each Occurrence

$ 5,000,000     In the Aggregate where applicable

*Date*     1/1/80

**This Policy in all other respects remaining unchanged and in full force and effect.**

*Attached to and made a part of Policy No.*  UMB 599346   Allianz Insurance Company

# Alexander & Alexander, Incorporated

1185 AVENUE OF THE AMERICAS, NEW YORK, N.Y. 10036

212-575-8000

FORM 1201 H. & H., INC.

Subject to Protective Order - Confidential

BSAPolicyEv-00032608



**Allianz**

# Umbrella Liability Policy

THIS POLICY JACKET WITH THE DECLARATIONS PAGE, AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETES THIS POLICY.

A.U.I. 0-0033 (5/79)

Subject to Protective Order - Confidential

BSAPolicyEv-00032609