# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), in Her Capacity as Trustee of the BSA Settlement Trust<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, et al. | § § § § § § § § § <br><br>CIVIL ACTION NO. 3:23-CV-1592-S |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants National Surety Insurers' and Allianz's Motion to Dismiss on *Forum Non Conveniens* Grounds or Dismiss or Stay on Abstention Grounds ("Motion") [ECF No. 538].[1] The Court has reviewed the Motion, Moving Defendants' Memorandum of Law in Support of the Motion ("Defendants' Brief") [ECF No. 538-1], Plaintiff The Honorable Barbara J. Houser (Ret.), in Her Capacity as Trustee of the BSA Settlement Trust's Opposition to the Motion and Opposition to the Abstention Arguments Raised in the Undersigned Defendants' Partial Motion to Dismiss the Amended Complaint ("Response") [ECF No. 558], Moving Defendants' Reply Brief in Support of the Motion [ECF No. 574], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

This case is an insurance coverage dispute between Plaintiff, the Honorable Barbara J. Houser (Ret.) in her capacity as Trustee of the Boy Scouts of America ("BSA") Settlement Trust, and dozens of insurance companies that allegedly issued liability policies covering BSA or BSA's local councils. Pl.'s First Am. Compl. ("Amended Complaint") [ECF No. 516] ¶ 1. When faced

---

[1] Defendants National Surety Corporation, Interstate Fire & Casualty Company, Fireman's Fund Insurance Company, and Allianz Global Risks US Insurance Company (collectively, "Moving Defendants") joined the Motion.

with mounting lawsuits seeking to hold it liable for alleged sexual abuse, BSA filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). *Id.* ¶ 101. The Bankruptcy Court entered an order confirming a plan of reorganization ("Plan"), and the United States District Court for the District of Delaware affirmed the Bankruptcy Court's order. *Id.* ¶ 102. To resolve the abuse claims filed against BSA during its bankruptcy case, the Plan created a settlement trust that assumed liability for claims asserted against BSA and BSA's local councils. *Id.* ¶ 104. The settlement trust received certain assets, including the rights under BSA's and the local councils' insurance policies. *Id.* ¶ 106.

Plaintiff sued 83 insurers for declaratory judgment, breach of contract, bad faith, and violations of the Texas Insurance Code. *See generally id.* Moving Defendants now move to dismiss on forum non conveniens grounds or to stay or dismiss on *Colorado River* abstention grounds. Mot. 1.

## II. FORUM NON CONVENIENS

### *A. Applicable Law*

"[F]ederal courts have discretion to dismiss damages actions, in certain narrow circumstances, under the common-law doctrine of *forum non conveniens*." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). A federal court may dismiss a case, even if jurisdiction and proper venue are established, "when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (cleaned up). The forum non conveniens doctrine "has continuing application in federal courts only in cases where the alternative forum is

abroad and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Id.* at 430 (cleaned up). "*Sinochem*, however, does not explain what these 'rare instances' are." *Ins. Safety Consultants LLC v. Nugent*, No. 3:15-CV-2183-B, 2017 WL 735460, at *5 (N.D. Tex. Feb. 24, 2017) (citation omitted).

"With that in mind, [a] defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Id.* at *3 (citation and quotation marks omitted). To meet that burden, a defendant must demonstrate that: "(1) a viable alternative forum exists; and (2) the balance of a series of public and private interest factors favors trial in the alternative forum." *Id.* (citation omitted).

At the first step, the court must "assess whether an alternate forum is both available and adequate." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). A forum is available if "the entire case and all parties can come within the jurisdiction of that forum," and it is adequate if "the parties will not be deprived of all remedies or treated unfairly." *Id.* (quoting *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir. 1987)).

At the second step, the court must balance the public and private interest factors, giving due deference to the plaintiff's choice of forum. *Id.* at 221-22. The private interest factors include: (1) the "relative ease of access to sources of proof"; (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) "[the] possibility of view[ing] [the] premises, if [doing so] would be appropriate to the action"; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (citation omitted). The public interest factors include: (1) "the administrative difficulties flowing from court congestion"; (2) "the 'local interest in having localized controversies decided at home'"; (3) "the interest in having the trial of a

diversity case in a forum that is at home with the law that must govern the action"; (4) "the avoidance of unnecessary problems in conflict of laws, or in application of foreign law"; and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* (citation omitted).

### *B. Analysis*

Moving Defendants argue that this case should be dismissed in favor of an earlier-filed action in Illinois state court, *National Surety Corp. v. Boy Scouts of America, et al.*, No. 2017-CH-014975 (Cir. Ct. Cook Cty.). Defs.' Br. 1. They argue that the Illinois court is an available and adequate forum and that each of the public and private interest factors that applies weighs either in favor of the Illinois action or neutrally. *See generally* Defs.' Br. Plaintiff responds that Moving Defendants do not attempt to argue that this is one of the "rare instances" that would allow the Court to dismiss on FNC grounds. Resp. 8-10 (citing, among other sources, *Sinochem Int'l Co.*, 549 U.S. at 430). Plaintiff also argues that the Illinois court is not an available forum and that the factors weigh against adjudication in Illinois. *Id.* at 11-19.

Moving Defendants have not met their burden to demonstrate that the Illinois state court is an available forum. A forum is available if "***all parties*** can come within the jurisdiction of that forum." *Alpine View*, 205 F.3d at 221 (emphasis added) (citation omitted). There are 83 insurer defendants named in the operative complaint. *See* Am. Compl. Moving Defendants assert that 18 of those defendants are incorporated or principally located in Illinois and that the "Illinois state court already assumed jurisdiction over the parties' dispute." Defs.' Br. 12-13. But the complaint in the Illinois proceeding includes just 21 insurers as parties, and only 12 of those are also parties to this suit. *See* Mot. Ex. 1 [ECF No. 538-2] A002-A003. Moving Defendants therefore have not

shown that all parties could come within the jurisdiction of the Illinois court, so the Motion fails at the first step of the forum non conveniens analysis.

Even if Moving Defendants could show that the Illinois court is an available and adequate forum, they still could not show that the public and private interest factors weigh in favor of dismissal. The Court finds that the private interest factors do not weigh in favor of dismissal because many sources of proof will be located in Texas, where BSA has had its headquarters for nearly fifty years, Am. Compl. ¶ 109, and because there are no practical problems that would prevent an expeditious resolution by this Court. The public interest factors do not weigh in favor of dismissal because Moving Defendants have not shown that this Court is more congested than the Chancery Division of the Circuit Court of Cook County, Illinois; Texas law is likely to apply to many of the issues in this case[2]; and there will be no unfair burden to Texas jurors.

### III. *COLORADO RIVER* ABSTENTION

#### *A. Applicable Law*

Under the doctrine established by *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), a federal court "may abstain from a case that is part of parallel, duplicative litigation . . . only under 'exceptional' circumstances." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). Two suits are parallel when they have "the same parties and the same issues." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (citation omitted). If there are parallel suits, the federal court considers six factors to determine whether "exceptional circumstances" warranting abstention exist: (1) the assumption by either the state or federal court of jurisdiction over a res; (2) the relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the

---

[2] Indeed, Moving Defendants recently argued that Texas law applies to the determination of a central issue in this case. *See* Undersigned Defs.' Mem. in Resp. to the Ct.'s Dec. 19, 2025 Order [ECF No. 602].

concurrent fora; (5) the extent that federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Id.* "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

### *B. Analysis*

Moving Defendants argue that *Colorado River* abstention is warranted here because there is parallel litigation and the five factors that apply all favor abstention. Plaintiff responds that the two cases are not parallel and that the five applicable factors weigh against abstention.

The Court finds that this case and the Illinois action are not parallel. As already noted, the Illinois action includes only 12 of the 83 insurers originally named in this suit. The issues are also different. The Illinois action addresses certain insurers' obligations to pay for claims of abuse by a single alleged perpetrator over a period of nine years. *See* Mot. Ex. 1 A003 ¶¶ 2-3. But this case addresses the insurers' coverage obligations for tens of thousands of abuse claims spanning decades. *See* Am. Compl. ¶¶ 103, 109-10.

Because the cases are not parallel, the Court need not consider the *Colorado River* factors.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants National Surety Insurers' and Allianz's Motion to Dismiss on *Forum Non Conveniens* Grounds or Dismiss or Stay on Abstention Grounds [ECF No. 538].

**SO ORDERED.**

SIGNED February 2, 2026.

_____
KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

7