# United States District Court

## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), in Her Capacity as Trustee of the BSA Settlement Trust<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, et al. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:23-CV-1592-S |

## <u>MEMORANDUM OPINION AND ORDER</u>

This Memorandum Opinion and Order addresses the Motion by Defendants Great American Assurance Company, Great American E&S Insurance Company, Great American Insurance Company, Arrowood Indemnity Company, in Liquidation, Axis Specialty Insurance Company, Axis Surplus Insurance Company, Continental Insurance Company, Endurance American Specialty Company, Endurance American Insurance Company, Everest National Insurance Company, General Star Indemnity Company, Swiss Re Corporate Solutions Capacity Insurance Corporation, and London Market Insurers (Winterthur Swiss and London & Edinburgh) to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion") [ECF No. 535]. The Court has reviewed the Motion, the Brief in Support of the Motion ("Defendants' Brief") [ECF No. 536], Plaintiff's Opposition to Undersigned Defendants' Partial Motion to Dismiss the Amended Complaint[1] ("Plaintiff's First Response") [ECF No. 556], Plaintiff's Opposition to Defendants' Brief ("Plaintiff's Second Response") [ECF No. 562], Defendants' Reply in Support of the Motion [ECF No. 575], and the applicable law. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

---

[1] Although the title of Plaintiff's First Response references a separate motion, Plaintiff's First Response includes responses to arguments raised in the Motion.

## I. BACKGROUND

Because the background of this case is set forth in the Court's prior Memorandum Opinion and Order [ECF No. 653], the Court only briefly restates it here, along with additional factual allegations that are relevant to the Motion. This case is an insurance coverage dispute, wherein Plaintiff, the Honorable Barbara J. Houser (Ret.) in her capacity as Trustee of the Boy Scouts of America ("BSA") Settlement Trust, brought this civil action against over eighty insurance companies that allegedly issued liability policies covering BSA and/or BSA's Local Councils. First Am. Compl. ("Amended Complaint") [ECF No. 516] ¶ 1. The Settlement Trust was created to resolve claims of alleged sexual abuse filed against BSA. *Id.* ¶ 104. The Settlement Trust received certain assets, including the rights under BSA's and the Local Councils' insurance policies. *Id.* ¶ 106. In 2023, the Settlement Trust began the process of determining the allowed claim amounts for each claimant. *See id.* ¶¶ 130, 138, 141. Since September 2024, the Settlement Trust allegedly "issued bills to insurers on a quarterly basis, demanding payment of specific amounts for specifically identified individual [a]buse [c]laims." *Id.* ¶ 155.

As a result, Plaintiff sued 83 insurers, including both primary and excess insurers. Defs.' Br. 2. The Defendants that filed the Motion issued excess liability policies, which "provide[] . . . coverage that applies only after the erosion of available underlying insurance."[2] *See id.* at 4, 7. Plaintiff seeks declaratory judgments and brings claims for breach of contract, bad faith, and violations of the Texas Insurance Code. Am. Compl. ¶¶ 157-762. Defendants move to dismiss the claims against them.

---

[2] Plaintiff does not dispute that Defendants' policies are excess policies. *See* Pl.'s Second Resp. 4 ("[T]he Trustee agrees that the Moving Defendants issued certain insurance policies that attach at excess levels, above other insurance, and respond to liabilities . . . that exceed the limits provided by underlying insurance policies.").

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

## III. ANALYSIS

Although Defendants move to dismiss the claims against them on various grounds, the Court concludes that Plaintiff's failure to plead exhaustion of underlying insurance dooms her breach of contract, bad faith, and Texas Insurance Code claims. Accordingly, the Court's analysis below focuses only on this argument. However, this defect is not dispositive of the declaratory judgment claim, which the Court declines to dismiss at this juncture.

3

### *A. Breach of Contract*

Defendants argue that Plaintiff's breach of contract claim must be dismissed because, among other things, Plaintiff failed to plead exhaustion of the underlying primary insurance coverage. Defs.' Br. 20-21. "Primary insurance coverage" provides that "liability attaches immediately upon the happening of the occurrence that gives rise to liability." *Union Indem. Ins. Co. of N.Y. v. Certain Underwriters at Lloyd's*, 614 F. Supp. 1015, 1017 (S.D. Tex. 1985) (citation omitted). By contrast, "[a]n excess policy," like the policies issued by Defendants, "provides that the insurer is liable for the excess above and beyond that which may be collected on primary insurance." *Id.* (citation omitted); *see also* Defs.' Br. 4-5, 7. As a result, "liability attaches only after a predetermined amount of primary coverage has been exhausted." *Cont'l Marble & Granite v. Canal Ins. Co.*, 785 F.2d 1258, 1259 (5th Cir. 1986) (citation omitted).

Given the nature of excess insurance, "Texas law dictates that primary policies' limits must be exhausted before excess insurers become liable." *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 209 (5th Cir. 1996); *cf. Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 700 (Tex. 2000) ("The majority rule is that where the insured maintains both primary and excess policies, the excess liability insurer is not obligated to participate in the defense until the primary policy limits are exhausted." (cleaned up)). Therefore, courts dismiss breach of contract claims against excess insurers if the underlying policy has not yet been exhausted. *See, e.g., Royal Hosp. Corp. v. Underwriters at Lloyd's*, No. 3:18-CV-000102, 2019 WL 4228490, at *4 (S.D. Tex. Aug. 20, 2019) (recommending dismissal of a breach of contract claim against an excess insurer where the primary policy had not yet been exhausted), *report and recommendation adopted by* 2019 WL 4225579 (S.D. Tex. Sept. 5, 2019); *Enron Creditors Recovery Corp v. St. Paul Fire & Marine Ins. Co.*, No. H-06-3905, 2008 WL 11389422,

4

at *6 (S.D. Tex. Aug. 12, 2008) (granting Great American judgment as a matter of law on a breach of contract claim because its contractual obligation was not triggered where "the underlying coverage ha[d] yet to be exhausted").

In this case, Plaintiff has not pleaded that the underlying insurance coverage has been exhausted. Instead, Plaintiff argues that "it is a virtual certainty that exhaustion will occur for the [i]nsurance [p]olicies underlying those issued by the excess insurers." First Resp. 11. But Plaintiff cites no case law allowing a breach of contract claim to proceed before the underlying insurance has been depleted. *See Enron Creditors Recovery Corp*, 2008 WL 11389422, at *7 ("Enron's contention that its mere assertion of a claim in excess of the primary policy limits triggers the excess coverage is simply untenable."). Because Plaintiff has not adequately pleaded exhaustion, she has not successfully alleged that Defendants have any liability under their policies at this time.[3] As such, Plaintiff's breach of contract claim against the excess insurers cannot survive.

In the alternative, Plaintiff contends that she pleaded a claim for anticipatory breach of contract, even though such a claim does not appear in the Amended Complaint. First Resp. 14-16. Acknowledging that she did not explicitly plead such a claim, Plaintiff asserts that "she has adequately asserted facts to support such a claim." *Id.* at 14 n.6. But it is unclear which insurers Plaintiff might assert an anticipatory breach claim against, and the Amended Complaint is vague on this point. *See, e.g.*, Am. Compl. ¶ 127 (stating that "many Defendants filed objections" during BSA's bankruptcy proceedings). Moreover, Plaintiff asks the Court to look to documents from the bankruptcy proceedings to determine which insurers arguably could have anticipatorily breached their contractual obligations. *See* First Resp. 14-15. As to this request, the Court will not sift

---

[3] Plaintiff does not appear to allege that Defendants have breached any duty to defend. But to the extent she intended to assert such a claim, the Court concludes that Defendants did not have a duty to defend for the reasons set forth in Defendants' Brief. *See* Defs.' Br. 6-8, 23.

through voluminous filings to identify insurers that Plaintiff may have intended to bring a claim against. Plaintiff has no viable claim for anticipatory breach of contract at this time.

### B. Bad Faith and Texas Insurance Code

Because Plaintiff has not pleaded exhaustion, Plaintiff's bad faith and Texas Insurance Code claims also fail.[4] *See Royal Hosp. Corp.*, 2019 WL 4228490, at *4 ("[Plaintiff] cannot pursue its extra-contractual claims for the same reasons its breach of contract claim fails—the primary policy has not been exhausted." (citation omitted)); *see also S.R. Residence, LLC v. Lexington Ins. Co.*, No. H-10-4178, 2013 WL 1204709, at *3 (S.D. Tex. Mar. 25, 2023) ("Under Texas law, an insured party generally does not have a bad faith claim when the insurer has not breached the contract." (citation omitted)). Plaintiff bases her bad faith claim on the excess insurers' alleged "fail[ure] to effectuate prompt, fair, and equitable settlements and pay claims billed to them." Am. Compl. ¶ 747. Similarly, the Texas Insurance Code claims are based on various alleged "unfair settlement practices." *Id.* ¶ 753. But again, Plaintiff has not adequately alleged that Defendants' coverage obligations have been triggered because she has not pleaded that the underlying insurance has been exhausted. As such, no extracontractual claims against Defendants have accrued at this time. *See, e.g., Keck, Mahin & Cate*, 20 S.W.3d at 701 ("An excess insurer owes its insured a duty to accept reasonable settlements, but that duty is . . . not typically invoked until the primary insurer has tendered its policy limits." (citation omitted)).

### C. Declaratory Judgment

In a single paragraph nested within their breach of contract argument, Arrowood Indemnity Company, in Liquidation, and Swiss Re Corporate Solutions Capacity Insurance Corporation

---

[4] Plaintiff only brings these claims against a subset of "Non-Paying Insurer Defendants." *See* Am. Compl. 98-99. The Court's analysis herein only applies to those Defendants that fall into this category, as defined by Plaintiff.

move to dismiss the declaratory judgment claim against them because it is not ripe. Defs.' Br. 25; *see also id.* at 25 n.8; Reply 3 n.2 (listing the Defendants that do not move to dismiss on this ground). Arrowood and Swiss Re do not develop this argument and do not cite any authority. The Court denies Arrowood and Swiss Re's conclusory request for dismissal of the declaratory judgment count. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (waiving issue for inadequate briefing where the party failed to provide "any legal argument beyond bare assertions" (citation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion by Defendants Great American Assurance Company, Great American E&S Insurance Company, Great American Insurance Company, Arrowood Indemnity Company, in Liquidation, Axis Specialty Insurance Company, Axis Surplus Insurance Company, Continental Insurance Company, Endurance American Specialty Company, Endurance American Insurance Company, Everest National Insurance Company, General Star Indemnity Company, Swiss Re Corporate Solutions Capacity Insurance Corporation, and London Market Insurers (Winterthur Swiss and London & Edinburgh) to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 535].

The Court **GRANTS** the Motion with respect to Plaintiff's breach of contract, bad faith, and Texas Insurance Code claims. The Court **DENIES** the Motion with respect to Plaintiff's declaratory judgment claim. Given the Federal Rules of Civil Procedure's liberal policy of allowing amendments to pleadings, the Court **GRANTS** Plaintiff leave to amend her Amended

Complaint. The Court will set a deadline for an amended pleading after ruling on the remaining motion to dismiss in this case.

**SO ORDERED.**

SIGNED July 22, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

8