# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), in Her Capacity as Trustee of the BSA Settlement Trust | § | |
| | § | CIVIL ACTION NO. 3:23-CV-1592-S |
| v. | § | |
| | § | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, et al. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion of Defendants Arch Insurance Company, Aspen Specialty Insurance Company, and Colony Insurance Company for Leave to File Documents Under Seal ("Motion to Seal") [ECF No. 679]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

## I. BACKGROUND

On October 2, 2025, Defendants Arch Insurance Company, Aspen Specialty Insurance Company, and Colony Insurance Company (collectively, "Moving Defendants") filed their Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss") [ECF No. 531]. The Moving Defendants later sought leave to file a supplemental brief in support of the Motion to Dismiss, which the Court granted. *See* ECF Nos. 678, 681. The Moving Defendants also filed the Motion to Seal, seeking to seal certain exhibits to both the Reply in Support of the Motion to Dismiss ("Reply") [ECF No. 571] and the supplemental brief. Plaintiff does not oppose the Motion to Seal.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission

of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022). In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

## III. ANALYSIS

The Moving Defendants seek leave to file Exhibits G and H to the Reply and Exhibits 1 and 2 to the supplemental brief (collectively, "Exhibits") under seal. Mot. to Seal 1. The Exhibits are insurance allocation and billing reports provided by Plaintiff to the Moving Defendants. *Id.* at 1-2. The documents are designated as "Confidential" under the protective order entered in this case, a confidentiality agreement between the parties, and a protective order entered in the related bankruptcy case. *Id.* at 2. And the Moving Defendants state that the Exhibits "incorporate[] or contain[] confidential claimant information and proprietary information." *Id.* at 7-8.

The Court concludes that it is proper to seal the Exhibits for the reasons set forth in the Motion to Seal. Among other things, courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024).

And the Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the information contained in the Exhibits. The Exhibits contain confidential information, and the Moving Defendants have explained why sealing is appropriate both pursuant to other court orders and to protect third party and proprietary information. *See, e.g.*, *MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information."). As such, the Court permits the Moving Defendants to file the Exhibits under seal.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion of Defendants Arch Insurance Company, Aspen Specialty Insurance Company, and Colony Insurance Company for Leave to File Documents Under Seal [ECF No. 679]. The sealed versions of Exhibits G and H to the Reply and Exhibits 1 and 2 to the supplemental brief, *see* ECF Nos. 680, 680-1, 680-2, 680-3, are deemed properly filed.

**SO ORDERED.**

SIGNED August 4, 2026.

Karen Gren Scholer

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**