# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE HONORABLE BARBARA J. HOUSER (RET.), in Her Capacity as Trustee of the BSA Settlement Trust | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1592-S |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses the Motion of Defendants Arch Insurance Company, Aspen Specialty Insurance Company, and Colony Insurance Company (collectively, "Moving Defendants") to Dismiss First Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(1) ("Motion") [ECF No. 531]. The Court has reviewed the Motion, the Memorandum of Law in Support of the Motion ("Moving Defendants' Brief") [ECF No. 533], Plaintiff's Opposition to Moving Defendants' Brief ("Response") [ECF No. 562], Moving Defendants' Reply in Support of the Motion ("Reply") [ECF No. 571], Moving Defendants' Supplemental Brief in Support of the Motion ("Moving Defendants' Supplemental Brief") [ECF No. 683], Plaintiff's Response to Moving Defendants' Supplemental Brief ("Plaintiff's Supplemental Brief") [ECF No. 687], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

The Court has set forth the background of this case in two recent Memorandum Opinions and Orders [ECF Nos. 653, 676]. Here, the Court only details the additional factual allegations that are unique and relevant to the Motion. This case is an insurance coverage dispute, wherein Plaintiff, the Honorable Barbara J. Houser (Ret.) in her capacity as Trustee of the Boy Scouts of America ("BSA") Settlement Trust, sued over eighty insurance companies that allegedly issued

liability policies covering BSA and/or BSA's Local Councils. First Am. Compl. ("Amended Complaint") [ECF No. 516] ¶ 1. The Moving Defendants issued excess liability policies, which "provide[] . . . coverage that applies only after the erosion of available underlying insurance." Moving Defs.' Br. 3; *see also id.* at 5-6. According to the Moving Defendants, Plaintiff has made no demands for payment from them in connection with this case. *Id.* at 1-2. Plaintiff brings only a single cause of action against the Moving Defendants, seeking a declaratory judgment that they are obligated under their respective insurance policies "to provide coverage in full for BSA's and/or Local Councils' liability for [a]buse [c]laims that trigger the coverage obligations of the policy in question."[1] Am. Compl. ¶ 162. The Moving Defendants move to dismiss this claim, arguing that it is not ripe. Moving Defs.' Br. 1.

## II. LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court to hear a case. A court properly dismisses a case where it lacks the constitutional power to decide it. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Dismissal for lack of subject matter jurisdiction is warranted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [the] plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A court's subject matter jurisdiction extends only to actual cases or controversies. U.S. CONST. art. III, § 2; *Daily v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citation omitted). To "give meaning to Article III's case-or-controversy requirement, the courts have

---

[1] Plaintiff also seeks certain narrower declarations that do not impact the analysis below. *See* Am. Compl. ¶ 163.

developed justiciability doctrines, such as the . . . ripeness doctrine[]." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citation omitted). The "basic rationale" of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citation omitted).

**III. ANALYSIS**

According to the Moving Defendants, Plaintiff's declaratory judgment claim is not ripe because she has not tendered any claim to the Moving Defendants, demanded any payment from them, or asserted that "there is any significant likelihood they will ever be liable to cover an abuse claim against BSA." Moving Defs.' Br. 9. Because Plaintiff does not appear to contest whether she has demanded payment from the Moving Defendants yet, the crux of the parties' dispute is whether it is sufficiently likely that these excess insurers' obligations will ever be triggered by the liability in this case. *See* Resp. 2; Reply 1-2.

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty." *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949).

A declaratory judgment action is ripe "only where an 'actual controversy' exists." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citation omitted). An actual controversy requires "a substantial controversy of sufficient immediacy and reality . . . between parties having adverse legal interests." *Id.* (citation omitted). In determining whether such a controversy exists, the Court must take into account the likelihood that any future contingencies

will occur. *Id.* at 897 (citation omitted). In other words, the ripeness inquiry "focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Id.* (citation omitted).

Plaintiff seeks a declaration that the Moving Defendants will be obligated to cover any abuse claim liability that reaches their respective layers of coverage, even though Plaintiff has not yet made any demands for payment. Am. Compl. ¶ 162; Resp. 1-2. "Relevant Supreme Court and Fifth Circuit decisions make clear that a case of actual controversy may be found to exist regarding an insurer's duty to indemnify at a time before the final determination of the insured's liability." *Carolina Cas. Ins. Co. v. Tutle & Tutle Trucking, Inc.*, No. 3:09-CV-2377-D, 2010 WL 1459207, at *1 (N.D. Tex. Apr. 12, 2010) (citation and internal quotation marks omitted); *see also Falls Lake Nat'l Ins. Co. v. Rodriguez*, No. EP-18-CV-66-PRM, 2018 WL 9877954, at *3 (W.D. Tex. Aug. 14, 2018) ("The Fifth Circuit has held that whether an insurance policy provides coverage is a live controversy and is therefore justiciable." (citing *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006))). And the Moving Defendants have not pointed to any precedent establishing "a different rule in the case of an excess insurer." *RSUI Indem. Co. v. Enbridge (U.S.) Inc.*, No. H-08-1807, 2008 WL 5158179, at *2 (S.D. Tex. Dec. 9, 2008). "The fact that a different and unrelated condition of coverage, *i.e.*, exceeding the primary policy limits, has yet to be determined makes this coverage dispute no less real." *Id.*

Thus, the only question for the Court to resolve is whether there is a significant possibility that the liability in this case will "reach the [Moving Defendants'] coverage," Moving Defs.' Br. 8, rendering injury sufficiently likely, *see RSUI Indem. Co.*, 2008 WL 5158179, at *2. For the reasons set forth by Plaintiff in her briefing, the Court concludes that there is such a possibility. Although the Moving Defendants claim that the outstanding liabilities have not yet come close to reaching

their policies, Moving Defs.' Suppl. Br. 2-3, Plaintiff points to the Settlement Trust's "staggering" liability, the fact that she has only billed approximately 65% of the claims thus far, and the various categories of claims yet to be determined, Resp. 2 ("[Plaintiff] has already allowed over $12 billion in [a]buse [c]laims[.]"); Pl.'s Suppl. Br. 2-3. Moreover, due to the unique nature of this case, which involves extensive and constantly evolving liability, the Court cannot find at this stage that there is no actual controversy between Plaintiff and the Moving Defendants. Accordingly, the Court concludes that there is a substantial controversy of sufficient immediacy and reality between Plaintiff and the Moving Defendants such that the Court has jurisdiction over the declaratory judgment claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion of Defendants Arch Insurance Company, Aspen Specialty Insurance Company, and Colony Insurance Company to Dismiss First Amended Complaint Pursuant to FED. R. CIV. P. 12(b)(1) [ECF No. 531].

**SO ORDERED.**

SIGNED August 26, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**